STATE of Missouri, Respondent,

v.

Alfred GRIFFIN, Appellant.

No. 57279.

Supreme Court of Missouri, Division No. 2.

July 16, 1973.

**134**

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Charles M. Tureen, St. Louis, and Arthur R. Tucker, St. Louis, for defendant (appellant).

MORGAN, Judge.

A jury found defendant guilty of the crime of sodomy in violation of § 563.230, RSMo 1969, V.A.M.S., and assessed punishment at fifteen years confinement. Notice of appeal was filed on September 8, 1971, and this court has jurisdiction.

The events in question took place on July 21, 1970, while defendant and others were temporarily confined in the police holdover at the Central Police Station in St. Louis. Three of the young men so confined were named Gerber, Schneider and Williams. Others, in addition to defendant Griffin, were named Baxter, Kyles and Payne. Another, named Henry, was not a participant but did testify at the trial.

The evidence reflects that defendant and his group decided that the first three named would be forced to participate in some act of sexual perversion. They required the group of three to draw straws (matches) to resolve which one they would get "first." The end result was that Gerber and Schneider were threatened, slapped, hit with fists and burned with a cigarette until each took an active role in "the detestable and abominable crime against nature . . . with the mouth" (§ 563.230) upon defendant and his three co-defendants. Williams cut his wrists with a piece of plastic to draw the attention of a guard and was removed.

Defendant was charged and convicted only of the offense against Gerber.

First, defendant submits that the trial court erred in permitting Schneider to testify that he was also a victim, because "such testimony did not tend to establish the charge for which defendant was on trial." He relies on State v. Atkinson, 293 S.W.2d 941 (Mo.1956); State v. Garrison, 342 Mo. 453, 116 S.W.2d 23 (1938); and, State v. Buxton, 324 Mo. 78, 22 S.W.2d 635 (1929).

In Atkinson, the court said, 1.c. 942 [1, 2]: "It is a well-established general rule that evidence is not admissible to show that the defendant is guilty of the commission of other independent crimes, either as foundation for a separate punishment, or as aiding the proof that he is guilty of the one charged, and this is true even though they are of the same nature as the one charged in the indictment. State v. Spinks, 344 Mo. 105, 125 S.W.2d 60; State v. Bowman, 272 Mo. 491, 199 S.W. 161. There are, however, a number of exceptions to this general rule. 'Evidence of other crimes is always admissible when

such evidence tends directly to establish the particular crime, and it is usually competent to prove the motive, the intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, or the identity of the person charged with the commission of the crime on trial.' 20 Am.Jur., Evidence, Section 310, page 289."

■ The evidence rejected in Atkinson, although involving similar acts of sodomy for which defendant was being tried, pertained to activities with others at totally different times and (l.c. 943) "did not disclose crimes that were so interrelated that proof of one would tend to establish the others." Comparable factual situations dictated the result in Buxton and Garrison. However, in each of the cases relied on by defendant, the court recognized exceptions to the general rule; and, in Garrison declared, l.c. 25 [4], that the exception applicable to the instant case was as well settled as the rule itself, i. e., "It permits proof of another crime where two distinct offenses are so inseparably connected that proof of one necessarily involves proving the other . . .." See also State v. Reese, 364 Mo. 1221, 274 S.W.2d 304 (banc 1954); and, State v. Aubuchon, 394 S.W. 327 (Mo.1965). State v. Wilson, 320 S.W.2d 525 (Mo.1959), is factually similar to the instant case and the court, after giving consideration to the general rule and exception noted, concluded that the improper conduct of defendant with another "was but a part of a continuous occurrence intimately connected with the act specifically averred in charging the defendant with the crime for which he was being tried." We, too, are convinced that the impropriety against Schneider was perpetrated concomitant with that against Gerber and that evidence relative thereto was admissible. For that reason, we need not consider arguments by the state that such evidence was admissible under other recognized exceptions to the general rule excluding evidence of other crimes.

Second, defendant contends the trial court erred by unduly restricting the extent of his re-direct examination of his witness Henry. The witness, and presumably a non-participant in the affair, testified at trial that there were no acts of sodomy in the cell block at the time in question, and that defendant was against "any type of violence." Over objection, the state during cross-examination confronted witness Henry with a statement he had made to the police which confirmed all of the testimony of Gerber and Schneider. Henry admitted making the statement to the police, and that the statement was true except as to that part implicating defendant as one of the offenders. During re-direct examination, in explanation as to why he had told the police defendant was a participant contrary to his testimony at trial, he said: "It was an understanding between Herbert [Baxter] and [me] to convict him." In further reference to Baxter, witness Henry testified: ". . . he said if I didn't, you know, that he got partners up in jail that they would get to me if I didn't, you know." Defense counsel then sought to have the witness relate exactly what Baxter had told him, objection was made and the same was sustained for the reason the question called for hearsay. However, the witness was subsequently allowed to state that he was "scared" of Baxter, and when asked, "Were you threatened?" replied: "Yes. It was not an actual threat—it was to where if I didn't it would be known that I was a snitch, you know, and they would be after me through the whole Missouri State Penitentiary."

■ The law, generally, on the right to rehabilitate a witness on redirect examination is set out in 98 C.J.S. Witnesses § 421, p. 228, to-wit:

"In order to refute unfavorable inferences and to avoid the effect of the cross-examination, a witness may be asked as to

his reasons for his statements on cross-examination or at other times, or for acts, omissions to act, or conduct on his part which have been brought out. This rule, however, does not entirely supersede the rule against the admission of hearsay evidence, or deprive one accused of crime of the right to confront witnesses against him and to test their evidence by cross-examination. Where the reason is irrelevant it is properly excluded, although the court may permit it to be given even though it is immaterial." Such a rule does not lend itself to any precise delineation for purposes of application. As said in State v. Kirkland, 471 S.W.2d 191 (Mo.1971), l.c. 193: "The essential principle of the hearsay rule is to secure trustworthiness of testimonial assertions by affording the opportunity to test the credit of the witness, and it is for this reason that such assertions are to be made in court subject to cross-examination." The rule in question permits some departure from the basic hearsay rule noted to allow a witness to explain inconsistencies brought out on cross-examination. Vitt v. Baer, 335 S.W.2d 681, 684 [2] (Mo.App.1960). However, "[T]he scope and extent to which the redirect examination of a witness shall be permitted to go is a matter to be left largely to the sound discretion of the trial court, reviewable only for abuse." State v. Bengal, 124 S.W.2d 687, 689 (Mo.App.1939); Couch v. St. Louis Public Service Co., 173 S.W.2d 617 (Mo.App.1943); Turner v. Caldwell, 349 S.W.2d 493 (Mo.App.1961); State v. Williams, 448 S.W.2d 865 (Mo.1970). On the record presented we do not find any abuse by the trial court. To the contrary, it appears that such discretion was properly exercised. The witness was allowed to give his explanation for the inconsistencies which was in compliance with the existing law. If defendant had indeed thought that there was a conspiracy against him, he could have called Baxter as a witness where he would have been available for cross-examination. The point is without merit.

Lastly, it is submitted that the trial court erred in admitting a certain hospital record. It identifies Gerber as the subject of out-patient examination on July 22, 1970. An entry under the caption "examination" reads "2d degree burns." Nothing else pertaining to examination is legible. Defendant directed his objection to the entire exhibit and the same was overruled. A hospital is recognized as a "business" and its records are admissible under the Business Records as Evidence Law. (§ 490.680) Melton v. St. Louis Public Service Co., 363 Mo. 474, 251 S.W.2d 663, 669 (banc 1952). As said in Allen v. St. Louis Public Service Company, 365 Mo. 677, l.c. 667 [8–12], 285 S.W.2d 663 (1956): "A blanket objection was made to the entire offer. * * * If any part or parts of the exhibit were admissible, the objections were properly overruled." The point is without merit.

Finding no error, the judgment is affirmed.

HENLEY, P. J., and DONNELLY, C. J., concur.

FINCH, J., not a member of Division when cause was submitted.