STATE of Missouri, Plaintiff-Respondent,

v.

Bobby Gene RANTZ,
Defendant-Appellant.

No. 9825.

Missouri Court of Appeals,
Springfield District.

Jan. 7, 1977.

Rehearing Denied Jan. 27, 1977.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John S. Pratt, Springfield, for defendant-appellant.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

Defendant Bobby Gene Rantz was tried for second degree burglary and stealing. A Greene County jury found him guilty of burglary and not guilty of stealing. Punishment was assessed at five years' impris-

onment and after his motion for new trial was denied, allocution, sentence, and judgment followed. We affirm.

Three of defendant's points in this appeal pertain to the testimony of an accomplice, Jimmy Carter. The remaining point concerns one of the court's instructions.

■ The instruction of which defendant complains has not been set forth in defendant's brief as required by Rule 84.04(e), V.A.M.R., and the point has not been preserved for review. *State v. Larkins*, 518 S.W.2d 131, 135 (Mo.App.1974).

■ There is no merit in the three-pronged attack defendant makes on the testimony of accomplice Carter. This witness was competent to testify, even though an accomplice. And a defendant may be convicted on the uncorroborated testimony of an accomplice. *State v. Lang*, 515 S.W.2d 507, 509 (Mo.1974).

The "deal" the state had made with Carter in exchange for his testimony against the defendant was disclosed to the defendant *before* Carter testified. Carter was fully cross-examined as to his "deal" and the jury fully informed of the arrangement. *State v. Collett*, 526 S.W.2d 920, 931–932 (Mo.App.1975).

■ Defendant in his cross-examination of Carter sought to impeach the witness' trial testimony by showing a prior statement Carter made to an officer and also his testimony at defendant's preliminary hearing. On redirect Carter was permitted to testify he was telling the truth at the preliminary hearing and at the trial and offered explanations for seemingly contradictory statements. This was not error. *State v. Griffin*, 497 S.W.2d 133, 135–136 (Mo. 1973); 98 C.J.S. Witnesses § 421, at 228.

The judgment is affirmed.

All concur.