**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Roy RAMSEY, Defendant-Appellant.**

**No. KCD 29397.**

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

Motion for Rehearing and/or Transfer
Denied Nov. 13, 1978.

Philip H. Schwarz, McMullin, Wilson & Schwarz, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Bruce E. Anderson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals his conviction by a jury of the offense of anal sodomy committed by defendant, a prisoner in the Jackson County Jail, upon the person of another prisoner in the same jail.

Defendant asserts error in the admission of a writing by the victim to the jail authorities concerning the victim's fear of sexual attack and error in the admission of a letter from the defendant written to his legal representative concerning the case. The judgment is affirmed.

The facts are simple. Sullivan, the complaining witness, was forced by defendant and another prisoner to submit to an act of anal sodomy performed by the defendant. The defendant and his accomplice were armed with an iron bar. They had obtained access to the victim during the night hours because of some malfunction of the locking mechanism on the individual cells which permitted all the prisoners in a group of cells to have access to the common area, or tank, and thus to the individual cells after "lock up" time when there was no surveillance by the jail personnel. The offense was brought to light because of an investigation launched by the jailers upon receiving a note from the victim written before the offense which related the victim's fear of the attack and sexual abuse.

The defendant claims that the admission of the victim's note to the jailers asserting his fear of sexual attack is error because it bolsters the evidence given by the victim at the trial. Defendant cites *State v. Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972), and *State v. Kinne,* 372 S.W.2d 62 (Mo.1963).

■ It must first be noted that the message was very brief and gave no details. The defendant is not identified, nor, for that matter, is anyone else; the note refers only to "they" as the potential assailants. The actual sexual abuse perpetrated is not specified in the note. The note crudely refers to a fear of both anal and oral sodomy on the part of the prisoner-pathic. Thus, cases which involve the condemnation of the use of prior consistent statements containing details of an offense such as the recent case of *State v. Askew,* 570 S.W.2d 798 (Mo.App.1978) [filed August 28, 1978, and not yet officially reported] and *State v. Degraffenreid, supra,* are not controlling. *State v. Kinne, supra,* holds only that prior inconsistent statements may not be admitted under the guise of impeachment of a hostile witness when the State is not surprised by the direct testimony. The note in the instant case is more analogous to the fact of complaint which is admissible. It is a settled rule that the *fact* that a victim of a rape complained is admissible. *State v. Lee,* 404 S.W.2d 740 (Mo.1966); *State v. Richardson,* 349 Mo. 1103, 163 S.W.2d 956 (1942). At least in part, such recitals of the fact of a complaint tend to negative the possibility of fabrication in a sexual crime which is often dependent for proof upon the participants' testimony without more.

This particular evidence, unrelated to the defendant, is also analogous to the situation where a police officer is permitted to explain how or why the police launched an investigation. *State v. Tash*, 528 S.W.2d 775 (Mo.App.1975); *State v. McRoberts*, 485 S.W.2d 70 (Mo.1972). In the instant case, the victim's note was the catalyst which precipitated the investigation and subsequent prosecution. Under all the circumstances, the admission of the victim's note, which related the generalized fear of a sexual attack and which contained no details which corroborate the later testimony, is not error.

During the cross-examination of the victim, defense counsel asked him if he had written a letter to anybody saying that he would be willing to testify in this case in return for lenient treatment in his own case. The victim admitted writing a letter but denied making that offer. Subsequently, during the defendant's case, a law intern, who was then representing the victim, testified that a letter had been written to that office by the victim offering to testify against defendant if it would help the victim in his own case. During the cross-examination of the law intern, the prosecutor requested, over defendant's objection, that the witness read the victim's letter into the record. The letter indicated that the victim was asking his then counsel to obtain a parole on his pending charge because he was afraid of what might happen to him in the jail or in the penitentiary because he had testified against the defendant.

The defendant claims the admission of this letter was error since it contained statements to the effect that defendant was going to punish the victim for testifying, a subject which had not been opened up previously.

Defendant's counsel admitted that the law intern's testimony was elicited to and did contradict the statement previously made by the victim. The contradiction was made by the testimony that the victim *offered* to testify in return for the "deal" on his own case. The letter itself makes no such contradiction. The letter was a plea to his then counsel to obtain a sentence which did not involve confinement because of the victim's fear of reprisal for the testimony *already given* against the defendant.

This is not the normal rehabilitation situation, but the State should be given an opportunity to explain or clarify any seemingly contradictory statements by showing the exact contents of the letter when its witness has been impeached by someone who, in effect, testified as to the contents of the letter. See *State v. Griffin*, 497 S.W.2d 133, 135–136 (Mo.1973); *State v. Rantz*, 546 S.W.2d 200, 201 (Mo.App.1977).

The letter was also admissible to impeach the testimony of the law intern who was a defense witness. Impeaching witnesses may themselves be impeached by the usual methods. 98 C.J.S. *Witnesses* § 478, p. 362 (1957). Furthermore, the introduction of writings as part of cross-examination of a witness who has testified concerning the writing is within the sound discretion of the trial court. 98 C.J.S. *Witnesses* § 406, pp. 208–209 (1957).

The only irrelevant evidence contained in the letter concerned the nature of the victim's own case, and its admissibility did not prejudice the defendant.

Conviction affirmed.

All concur.