**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Mark David SHIVE,
Defendant-Appellant.**

No. 10803.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1979.

Motion for Rehearing or to Transfer
Denied July 23, 1979.

Application to Transfer Denied
Sept. 11, 1979.

Gregory K. Johnson, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CHARLES V. BARKER, Special Judge.

Appellant waived trial by jury and consented to trial before the court on charge of second degree burglary and stealing. Defendant was found guilty by the court and sentenced to a term of seven years on the charge of burglary and five years on the charge of stealing and said sentences were ordered to run concurrently.

Appellant seeks to have his conviction reversed on two grounds.

I.

The court erred in admitting into evidence, over the objection of the appellant, the items of personal property taken during the alleged burglary and stealing on the grounds that:

(A) Said items of property were the result of an unlawful search and seizure in that there existed no probable cause for appellant's arrest and the subsequent search and seizure flowed from said unlawful arrest.

(B) That the voluntary permission to search was given as the result of threats and under duress and was therefore invalid.

(C) Said items of property were never brought into court, never offered into evidence by the state nor received into evidence by the court.

## II.

The trial court erred in overruling appellant's motion for judgment of acquittal at the close of the state's case in chief and in finding appellate guilty for the reason that the evidence was not sufficient to sustain a judgment of conviction of the offense charged, in that:

(A) Appellant was not the possessor of the recently stolen property and therefore no presumption or inference of guilt can be made.

(B) Said items of property were the result of an unlawful search and seizure, in that there existed no probable cause for appellant's arrest and the subsequent search and seizure flowed from said unlawful arrest.

(C) Said items of property were never brought into court, never offered into evidence by the state, nor received into evidence by the court.

(D) The testimony of the accomplice, Jimmie Dale Casteel, was uncorroborated, and therefore insufficient to sustain a judgment of conviction.

The uncontradicted evidence presented by the state would establish the following facts:

On December 22, 1976, Lowell Frerking and wife, Elaine Frerking, lived in Greene County, Missouri, at Route 3, Rogersville, Missouri, with their two children. On that morning Mr. Frerking left home at about 8:00. Everything was in normal condition and proper order. At about 10:00 a. m. Mrs. Frerking left home. At the time she left the condition and the contents of the house were normal. No windows or doors had been broken and everything was locked and properly secured. Prior to the time she left, the children had already departed for school.

Mrs. Frerking returned at about 12:00. Upon her arrival she noted that the front door was standing open, all the lights in the house were on and the phone had been yanked out. Mrs. Frerking immediately left home and went to Turners Station, Missouri, where she phoned the sheriff's office. She returned to her home about 12:30 or 1:00 p. m. At the time she arrived a deputy sheriff was waiting for her at her home and shortly thereafter her husband arrived. They entered the home and found that the house had been thoroughly ransacked and discovered in the garage area of the house that the window in the door had been broken out and that the door had been opened. They learned at that time that, among other items, a Toshiba T.V., a stereo, a banjo, four slice toaster, an electric can opener, tape recorder, a camera, electric shaver, a hair drier, curling iron, hand massager, two manicure sets, a leisure suit, a pocket watch and a bottle of perfume had been removed from their home.

The evidence further showed that on the morning of December 22, 1976, Lieutenant Ray Sias of the Greene County Sheriff's Department was on patrol in the county and about 10:15 a. m. he received a radio dispatch advising him that there was a suspicious vehicle in the eastern part of the county that had stopped at a woman's (Mrs. McGowan) house and that after she had turned up the stereo that the occupants of the automobile, which was described as a white Mustang, left the premises.

Information furnished to the officer was that this older model white Mustang was occupied by three male subjects, and that they were hippie looking. Lieutenant Sias drove toward the eastern part of the county and at about 11:20 a. m. saw a white Mustang occupied by three male subjects.

Lieutenant Sias turned around and followed the Mustang and in so doing observed that an electrical cord was hanging out of the trunk and another cord was hanging out from under the door on the driver's side. The officer also observed some T.V. or musical type instrument in the back seat. He ran a license check on the car and determined that it was owned by Junior Maples. He was advised that Junior Maples had a extensive record. Officer Sias stopped the Mustang and when he approached it he observed in the interior of the car some stereo speakers, a portable T.V., and a musical instrument case lying in the back seat and in the floor of the back seat. Lieutenant Sias asked the occupants for identity. They identified themselves as Michael Eugene Brayfield, the driver; appellant Mark Shive, the passenger in the middle; and Jimmie Casteel, the passenger on the outside. Jimmie Casteel was known to the officer and known to have a criminal record.

Lieutenant Sias asked the occupants of the Mustang who the items belonged to that were located in the car or if they knew who said items belong to. The driver Brayfield stated "no" and each of the others shook their heads indicating no. The lieutenant then arrested the three occupants for possession of stolen property. After officers arrived, the appellant, Shive, and Casteel were placed in police cars and transported to the county jail and Brayfield was permitted to drive the Mustang to the county jail. Upon arrival at the jail, Brayfield got out of the Mustang and locked the door.

On the morning of December 22, 1976, Lieutenant Charles Whitlow was on duty at the sheriff's office. It was he that talked to Mrs. Frerking on the phone when she reported the burglary. Approximately ten minutes after receiving the information from Mrs. Frerking, describing the property that had been taken from their home in the burglary, Lieutenant Whitlow observed a white Mustang being driven onto the sheriff's department parking lot.

He observed in the automobile a television set, some speakers and a banjo which fitted the description given him by Mrs. Frerking. Lieutenant Whitlow determined who the owner of the automobile was and went to her place of employment. The person who he contacted was Carolyn Maples and the evidence showed that she, along with her father, was the owner of the white Mustang. Lieutenant Whitlow asked Carolyn Maples to sign a voluntary permission to search the white Mustang, which she did. However she testified that she only signed the "Voluntary Permission to Search Automobile" because Lieutenant Whitlow told her that if she did not sign the necessary permission that he would obtain a court order and search the car and, if need be, would break out the windows. Lieutenant Whitlow and Mrs. Maples returned to the county jail, obtained the key, opened the car and removed all of the articles from the inside of the car. The Frerkings came to the sheriff's office and identified the articles as belonging to them. All items were returned to the Frerkings except the television set and the banjo which were retained by the Greene County sheriff's office.

Carolyn Maples further testified that every morning Brayfield took her to work and that she let have hive possession of the car after taking her to work. She further testified that she did not have any objection to the appellant, Mark Shive, sitting in the car.

Jimmie Casteel testified that on December 22, 1976, he was with appellant and Mike Brayfield and that they went riding out in the country looking for houses to burglarize. He stated that they went to the house where the burglary occurred, that appellant drove the car up to the house, that they busted in the back door and burglarized the house, that appellant burglarized the top floor and that they each loaded part of the items, and that shortly after they left the house they were stopped by Officer Sias.

■ The defendant does not claim to have had any ownership or proprietary interest in the automobile searched or the property seized. In fact he stipulated that

he did not have any ownership or proprietary interest in the car. In the absence of such interest appellant lacks standing to raise any objections to the search of the Mustang. This is dispositive of any objections appellant has as to the search and renders it unnecessary to consider any other arguments attacking the legality of the search. *State v. Arnold*, 566 S.W.2d 185 (Mo. banc 1978) and cases cited therein; *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

■ Appellant complains that it was error to admit testimony concerning the stolen items since the items were never brought into court, never offered into evidence nor received into evidence. Appellant does not cite any authority for this contention and we have found none. This allegation of error is without merit.

■ Appellant further claims that the evidence was not sufficient to sustain a conviction. This allegation of error is also without merit. Appellant was in joint possession of recently stolen property and in addition to the possession the state presented testimony of an accomplice who was present and observed and assisted appellant in the burglary and stealing. Either the recent possession of the property with the attendant circumstances as set out herein, or the direct testimony of the accomplice was sufficient, and certainly when both are present, the evidence is sufficient to support the conviction. *State v. Rantz*, 546 S.W.2d 200 (Mo.App.1977); *State v. Wilson*, 544 S.W.2d 859 (Mo.App.1976); *State v. Gonzales*, 533 S.W.2d 268 (Mo.App.1976).

The judgment is affirmed.

FLANIGAN, C. J., TITUS, P. J., and CAMPBELL and HENRY, Special Judges, concur.