STATE of Missouri,
Plaintiff-Respondent,

v.

Steve A. MORGAN, Defendant-Appellant.

No. 44965.

Missouri Court of Appeals,
Eastern District,
Division One.

June 7, 1983.

Andrew S. Meyer, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Cir. Atty., St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Defendant appeals from a judgment of conviction of robbery in the first degree, § 569.020, RSMo 1978, and kidnapping, § 565.110, RSMo 1978. Defendant was sentenced in accordance with the verdict to a period of twenty-five years on the robbery count and fifteen years on the kidnapping count. The sufficiency of the evidence is not challenged. The only point raised on this appeal is whether the trial court erred in refusing to grant a mistrial as a result of a question asked by the state in its cross-examination of defendant's character witness. We hold that it did not and affirm.

During defendant's presentation of his evidence, Ann Morgan, defendant's mother, testified in his behalf as to his good reputation in the community for truthfulness and non-violence. During cross-examination, the prosecutor asked the witness, "Let me ask you this, Mrs. Morgan: Have you heard or do you know, or have you heard rumor that your son was arrested for tampering in the Second Degree in the City of St. Louis—" Defense counsel objected on relevancy grounds before the witness answered; after a brief bench conference, the trial judge sustained the objection and instructed the jury to disregard the question. Defendant now argues that its motion for mistrial should have been sustained, because the jury had been "prejudiced beyond repair" upon hearing an improper question about a prior unrelated arrest of defendant.

The question was not improper. Character witnesses in a criminal case may be cross-examined as to whether they have heard of the fact that the defendant had been arrested for other offenses. Such cross-examination is a legitimate method of

testing the witness' "trustworthiness, knowledge and good faith." *State v. Wells,* 586 S.W.2d 354, 357 (Mo.App.1979), quoting from *State v. Siems,* 535 S.W.2d 261, 264 (Mo.App.1976); *State v. Payton,* 559 S.W.2d 551, 555 (Mo.App.1977). Such cross-examination may be useful in showing that the witness is in fact not familiar with the defendant's reputation or that the witness' criteria for forming an opinion of good character are unsound. *State v. Burr,* 542 S.W.2d 527, 532 (Mo.App.1976). Cross-examination of this type is subject to abuse, as where it is not pursued in good faith, *State v. Siems,* supra, but no such claim is made here.

■ Moreover, as noted, the question was not answered, objection to it was sustained, and the jury was instructed to disregard the matter. The general rule is that when an improper question is asked but not answered, there is no prejudicial error. *State v. Harvey,* 625 S.W.2d 198, 201 (Mo.App.1981). We find no abuse of discretion in the trial court's denial of the motion for mistrial.

Affirmed.

SIMON, P.J., and SATZ, J., concur.