STATE of Missouri, Plaintiff-Respondent,

v.

Aaron COOK, Defendant-Appellant.

No. 46617.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 11, 1984.

Henry B. Robertson, Asst. Public Defender, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant-appellant appeals from a jury conviction of robbery first degree. Defendant raises two points on appeal: (1) whether the trial court erred in failing to declare a mistrial after learning that a juror had independently attempted to verify some of the alibi witnesses' testimony; and, (2) whether newly discovered evidence, learned the morning of the trial, entitled him to a new trial.

The details of the robbery are undisputed. On April 2, 1982 at approximately 4:20 p.m. two armed men held up a Schnuck's Market. An off duty police officer followed the robbers who were driving a blue Torino but lost sight of the men when he went to contact the police. The car had been left in a parking lot and the police searched it and found weapons and a stocking similar to those worn over the face of the robbers. The car was registered to the defendant.

While the jury was deliberating a deputy sheriff informed the trial court judge that over the lunch break a juror told him that during the trial he had called the St. Louis University Meteorology Department to determine the amount of rainfall on the day of the robbery. Defendant immediately requested a mistrial but the trial court deferred ruling until after the verdict. After the jury returned a guilty verdict the court questioned the juror (who had served as foreman) who indicated that he had made the phone call out of "personal curiosity" before the deliberations began. The juror indicated that he had learned that on April 2, 1982 there was seven one hundredths of an inch of rain. The juror testified that he had told this information to one other juror. This violated MAI–CR2d 1.08. The juror stated:

I realize gentlemen, that was a very foolish thing to do. I did not mean to, you know, by any means make any prejudice in this particular matter. We did not use this in our decision. I want to let you know that. The decision we reached was through the evidence presented and no other evidence.

During trial a witness for the state testified that on the day of the robbery it was a sunny day. Some of defendant's alibi witnesses testified that it was raining and one testified that at 4:00 it was pouring rain.

■ The function of an appellate court on a denial of mistrial is to determine, as a matter of law, whether the trial court abused its discretion in refusing to declare a mistrial. *State v. Rogers*, 585 S.W.2d 498, 501 (Mo.App.1979). In *Mattox v. United States*, the United States Supreme Court stated, "[p]rivate communications, possibly prejudicial, between jurors and third persons ... are absolutely forbidden and invalidate the verdict unless their harmlessness is made to appear." *Mattox v. United States*, 146 U.S. 140, 13 S.Ct. 50, 53, 36 L.Ed. 917 (1892).

■ A defendant in a criminal case is entitled to a fair trial based solely on the evidence presented in court. *State v. Rogers*, 585 S.W.2d 498, 501 (Mo.App.1979). Here one of the jurors sought information from an outside source and conveyed it to another juror in violation of MAI–CR2d 2.01 which tells the jury to determine the facts only from the evidence. "The receipt by a juror or jury of possibly prejudicial information during the trial of a felony case requires that the verdict be set aside unless the harmlessness of the information be shown." *State v. Suschank*, 595 S.W.2d 295, 298 (Mo.App.1979). The state has the burden of proving that the information was harmless. *State v. Quinn*, 405 S.W.2d 895, 896 (Mo.1966). The state has failed to prove that the information concerning the rainfall was not prejudicial to the defendant.

At the hearing on the motion for a new trial the prosecuting attorney stated that the fact that the juror learned there had been seven hundredths of an inch of rain on the day of the robbery was not prejudicial to the defendant as the only witnesses who mentioned rainfall were defense witnesses. However, the information on the rainfall may have hurt the defendant. It is not clear whether the juror believed seven one hundredths of an inch was a sufficient amount to support the witnesses' statement that it was pouring rain or if that information served to undermine the credibility of the witness.

■ The fact that the juror claimed the information did not prejudice the matter is not sufficient to prove lack of harm to the defendant. As the Supreme Court noted in *State v. Malone*, 62 S.W.2d 909, 915 (Mo.1933) a juror may sincerely claim to have been unaffected but have no awareness of the unconscious influence of the information. *Id.* at 915 quoting *State v. Burton*, 65 Kan. 704, 70 P. 640 (1902). In addition the court here only questioned one juror about the effect of the information. At least one other juror knew of it and the effect on that juror has not been shown.[1]

■ The juror misconduct in violation of MAI–CR2d 2.01 and 1.08 may have been prejudicial if it adversely affected the credibility of defendant's alibi witnesses. Harmlessness has not been shown. Because a new trial must be granted defendant's second point is moot.

We reverse and remand.

REINHARD, C.J., and CRANDALL, J., concur.

---

1. In *State v. Suschank*, 595 S.W.2d 295 (Mo.App. 1979) we held that the use of a dictionary by the jury during deliberations while improper was not prejudicial. There all twelve jurors were questioned and testified that the use of a dictionary did not effect their verdict. Further the definition of a word is not equivalent to additional evidence.