**STATE of Missouri, Plaintiff-Respondent**

v.

**Charles GOODSON a/k/a Donnie Goodson, Defendant-Appellant.**

**No. 48449.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 13, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 26, 1985.

Application to Transfer Denied May 29, 1985.

David N. Morgan, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals conviction and ten-year sentence on the charge that he knowingly carried concealed upon or about his person a .32 caliber revolver in violation of § 571.030.1(1) RSMo Supp.1983. Appellant here contends that the trial court erred in not granting a requested mistrial when the circuit attorney elicited from appellant on cross-examination testimony concerning a crime for which appellant was not charged and not relevant to the crime charged. The charge was carrying a concealed weapon.

The contested cross-examination question and answer related to possession of a marijuana cigarette.

At 3:39 a.m. on August 16, 1983 while operating an automobile northbound on Kingshighway appellant violated a steady red electric signal. Officer Davidson pursued and stopped appellant. Both exited their vehicles and as appellant walked back to Officer Davidson the officer noticed a bulge in appellant's trousers. The officer took charge of appellant and removed a .32 caliber revolver from appellant's trousers. During direct examination Officer Davidson gave no testimony about a search of the vehicle. However, on cross-examination Officer Davidson was asked and he acknowledged going to defendant's automobile to retrieve some money.

The owner of the vehicle testified on behalf of defendant. She testified that she had placed the .32 caliber revolver under the front seat of her car and that she loaned her car to appellant without informing him of the presence of the weapon.

Defendant testified. He admitted running the red light and that the license plates on the borrowed vehicle were those of his brother for a different automobile and that he had made the transfer. He admitted a number of prior felony convictions. He also admitted that he was convicted on August 11, 1983 of the misdemeanor of possession of marijuana.

Appellant maintained that he borrowed the automobile and had no knowledge of the presence of the weapon under the seat of the car. Defendant denied possessing the weapon on his person. He testified that Officer Davidson made the arrest and handcuffed the appellant and while waiting for police assistance Officer Davidson carefully searched the inside and trunk of the automobile. Defendant argues that the weapon was found under the seat and $27.00 was found over the visor.

During defendant's cross-examination the circuit attorney asked:

Q. Did you have anything else up over the visor?

(Defense Counsel): I'm going to object, Your Honor—

(Circuit Attorney): Circumstance of the arrest.

THE COURT: What's the objection.

(Defense Counsel): He's trying to bring in some side offense, that's he's not charged with.

THE COURT: So far as I know it isn't yet, overruled.

Q. (Circuit Attorney): What else did you have over the visor?

A. I had about a half a joint.

Q. Of what?

A. Marijuana.

Q. That's illegal, isn't it?

A. Yeah.

Q. Okay. No further questions.

(Defense Counsel): Based on the last thing, Your Honor, ruling, Your Honor, I'd ask for a mistrial.

THE COURT: It's denied. You have anything else?

The defendant requested a mistrial due to the admission of evidence of other crimes and asked no further relief.

■ "The function of an appellate court on a denial of mistrial is to determine, as a matter of law, whether the trial court abused its discretion in refusing to declare a mistrial." *State v. Cook,* 676 S.W.2d 915, 917 (Mo.App.1984). We must first determine whether the prosecutor's cross-examination question elicited evidence of an independent and unconnected crime which was inadmissible to prove the crime charged. If so, we must decide if it was an abuse of discretion to deny the requested mistrial. 'The well established general rule is that proof of the commission of separate and distinct crimes is not admissible, unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial.... Evidence of other crimes, when not properly related to the cause on trial, violates defendant's right to be tried for the offense for which he is indicted.' *State v. Shilkett,* 356 Mo. 1081, 204 S.W.2d 920, 922–923. Exceptions to this general rule

of exclusion are as well established as the rule itself.... 'Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial.' The test of whether evidence of other distinct crimes falls within any of these exceptions has been aptly stated as follows: 'The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected.' *State v. Lyle,* 125 S.C. 406, 118 S.E. 803, 807; ...

*State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (banc 1954). The *Reese* court reversed and remanded for a new trial defendant Reese's conviction of murder in the first degree because evidence of a robbery subsequent to the killing and at a different location was erroneously admitted.

Our research indicates additional exceptions to the rule. In *State v. King,* 588 S.W.2d 147, 150 (Mo.App.1979) we recognized an exception which permits proof of another crime, if the other crime is so linked together in point of time and circumstances with the crime charged that one cannot be fully shown without proving the other, [citations omitted]. Under this latter exception, the state is permitted to paint a complete and coherent picture of the crime charged and it is not required to sift and separate the evidence and exclude the testimony tending to prove the crime for which the defendant is not on trial....

*Id.* at 150. We there affirmed a conviction for sodomy even though there was evidence of other illegal sexual acts which also occurred as a part of a single continuing transaction because of the "complete and coherent picture" exception. In *State v. Lue,* 598 S.W.2d 133 (Mo. banc 1980) the Supreme Court combined the common scheme or plan exception with the complete and coherent picture exception. It said, "[t]he more modern statement of this definition as quoted in *State v. Griffin,* 497 S.W.2d 133, 135 (Mo.1973) is 'where two distinct offenses are so inseparably connected that proof of one necessarily involves proving the other ...'" *Id.* at 137.

In *State v. Buckles,* 636 S.W.2d 914 (Mo. banc 1982) the Supreme Court considered admission of evidence relating to a bank robbery on the day after the homicide for which defendant Buckles was on trial. The court there said

The test of admissibility is whether the logical relevancy of the separate crime to a particular exception tends to prove a material fact in issue, a judicial question. If this requisite degree of relevancy cannot be clearly perceived, the accused should enjoy the benefit of the doubt and the evidence of a separate crime rejected. *State v. Tillman,* 454 S.W.2d 923, 926[5] (Mo.1970) ...

*Buckles,* 636 S.W.2d at 918. In *Buckles* the supreme court found no error in the admission of evidence of the subsequent bank robbery because the homicide and robbery were linked together by evidence that defendant intended to obtain a car to

facilitate the bank robbery and that he killed the car owner to get the car used in the robbery. The exceptions of related crime, intent, and motive were held to apply.

*State v. Tillman*, 454 S.W.2d 923 (Mo. 1970) involves facts similar to the present case. Defendant was convicted of carrying a concealed weapon. The arresting officer testified that he found two weapons concealed in a folded jacket on the rear seat of an automobile where defendant and others had been. Over objection the court permitted the officer to testify on direct examination that the occupants of the automobile were arrested for murder and robbery. The state attempted to justify the testimony on the grounds that the jury was entitled to know the circumstances of the arrest. The court rejected that position and refused to recognize "circumstance of arrest" as an exception to the general rule. *Tillman*, 454 S.W.2d at 926.

■ We find that the circumstances of arrest justification is not an exception to the general rule and the court erred in permitting the testimony of defendant's present possession of marijuana. The facts of the crime of carrying a concealed weapon had been fully presented prior to the testimony concerning the officer's search of the car. There was no evidence that the defendant was under the influence of or that his actions in carrying the weapon were in any way related to marijuana. At trial the state justified the inquiry as part of the circumstances of the arrest, a doctrine rejected by the supreme court in *Tillman*. On appeal the state relies upon the complete and coherent picture exception discussed in *State v. King*, 588 S.W.2d at 150. We find that exception not applicable to the present facts where the charge was carrying a concealed weapon and all the necessary evidence for conviction of that crime was before the jury without the mention of marijuana found in an automobile. The proof of the crime required no further explanation so as to permit the jury to have a complete or coherent picture.

■ Nor do any of the other exceptions set forth in *Reese*, 274 S.W.2d at 307,

apply. There is no logical relevancy between the crime of possession of marijuana and any material fact relevant to carrying a concealed weapon. Absent the "requisite degree of relevancy" ... "the accused should enjoy the benefit of the doubt and the evidence of a separate crime rejected." *Buckles*, 636 S.W.2d at 918. Proof of separate and distinct crimes is inadmissible and constitutes error unless it has some legitimate tendency to establish that defendant is guilty of the crime with which he is charged, *State v. Shaw*, 636 S.W.2d 667, 671–672 (Mo. banc 1982). We perceive no legitimate tendency to establish guilt on the charge of carrying a concealed weapon by evidence of possession of marijuana.

■ We now reach the decisive question of whether defendant was entitled to a mistrial. We distinguish cases where evidence of other crimes is introduced over objection, *Reese*, *Buckles* and *Tillman*, from cases where a suggestion of other crimes is made in closing argument, *State v. Martin*, 624 S.W.2d 879, 881–882 (Mo. App.1981). Where evidence of other crimes is erroneously admitted prejudice is presumed, *State v. Brooks*, 675 S.W.2d 53, 59 (Mo.App.1984); in closing argument cases mere mention of another offense is not per se prejudicial in the trial of a criminal case. *Martin*, 624 S.W.2d at 882.

■ The introduction of the evidence of the second crime was presumptively prejudicial. Further, "[a]bsent proper justification, the ... testimony presented to the jury evidence not related to the offense charged, and having 'dangerous tendency and misleading probative force' " *State v. Tillman*, 454 S.W.2d at 926. The trial court justification offered by the state was previously rejected by the supreme court and was no justification under the present facts.

■ On appeal the state argues that there was no prejudice because the defendant had admitted a number of prior felony convictions and a prior misdemeanor conviction for possession of marijuana. This position misconstrues the purpose for permitting examination on prior convictions

with defendant's right to be tried only for the crime charged. The prior convictions are relevant to credibility of the defendant who testified and not to prove that he was guilty of the crime for which he is now charged. *State v. Scott*, 459 S.W.2d 321, 324 (Mo.1970). By developing evidence which related to another crime and was not admissible under any recognized exception defendant was denied his right to be tried for only the crime charged. The evidence of his prior convictions was sufficient to question his credibility.

The trial court's action in overruling defendant's objection to a question inviting evidence of another crime was error and the refusal to grant a mistrial after the admission of evidence of another crime, on these facts, was an abuse of discretion. Defendant was entitled to the mistrial requested.

Reversed and remanded.

PUDLOWSKI, P.J., concurs.

GAERTNER, J., concurs with separate opinion.

GAERTNER, Judge, concurring.

I reluctantly concur. Whether or not possession of "a half a joint" of marijuana is viewed today by the ordinary juror as so heinous that he would vote for conviction in the absence of substantial evidence of guilt may well be debatable. Nevertheless, I recognize and am bound to follow the vast array of precedential authority for the presumption of prejudice flowing from the admission of evidence of unrelated crimes, as lucidly set forth in the majority opinion.

Most regrettable, however, is the fact that we are required to remand this case for retrial, with all of the expense, delay and inconvenience attendant thereto, because of a trial incident that need not and should not have occurred. Moreover, as reflected by the record, it was a deliberate effort by one of the most experienced assistant circuit attorneys in the City of St. Louis to interject even more poison than his extensive review of defendant's prior convictions had already accomplished. The calculated nature of the impropriety is clearly shown by the fact that the assistant circuit attorney had announced the conclusion of his cross-examination and the judge had advised the defendant to leave the witness stand. The record then shows that the following took place.

MR. MOSS: Well, here, just a second. I unfortunately missed one, were you convicted on August 11th, 1983 of the misdemeanor of possession of Marijuana?

A. Yeah.

Q. And how much money did you have in your pocket when you were arrested?

A. About twenty-two to twenty-three dollars.

Q. Wasn't it closer to about three hundred dollars.

A. Naw, it won't no three hundred, I can't remember what it was.

Q. How much did you have up—up over the visor?

A. That was about twenty-seven dollars, there.

Q. Did you have anything else up over the visor?

MR. MORGAN: I'm going to object, Your Honor—

MR. MOSS: Circumstance of the arrest.

THE COURT: What's the objection.

MR. MORGAN: He's trying to bring in some side offense, that's he not charged with.

THE COURT: So far as I know it isn't yet, overruled.

Q. (By Mr. Moss:) What else did you have over the visor?

A. I had about a half a joint.

Q. Of what?

A. Marijuana.

Q. That's illegal, isn't it?

A. Yeah.

Q. Okay. No further questions.

Absolutely nothing of relevance was adduced by this supplemental cross-examination with the possible exception, for purposes of credibility of course, of the marijuana misdemeanor conviction five days before defendant's arrest on the instant charge. It is patent that the sole purpose of the interrogation relating to the misdemeanor conviction followed so closely by possession of marijuana was to poison the

minds of the jurors regarding the defendant's character. By being introduced as a seeming afterthought, a patent effort to drive one last nail into the proverbial coffin, it is glaringly emphasized and its prejudicial effect enhanced.

This case demonstrates that the reversal of convictions so frequently attributed by the public to excessive judicial attention to technicalities is in reality an effort to preserve the rights of all citizens to due process of law as guaranteed by the United States and the Missouri Constitutions. Rather than directing criticism to the judiciary for such reversals, the public should be aware of the fact that appellate courts deal only with the record presented by lawyers. Where, as in this case, that record discloses a patent effort to deprive a defendant of a fair trial, the onus for the delay and added expense should be directed toward the prosecutor who caused it. This is especially true when, rather than resulting from youthful zeal, the error is but one example of a consistent pattern of improper tactics reflected by other transcripts in cases tried by the same experienced prosecutor.