**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Glen CONRAD, Defendant-Appellant.**

**No. 14304.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 7, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 3, 1986.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Carr L. Woods, Garrett & Woods, Monett, for defendant-appellant.

DORMAN L. STEELMAN, Special Judge.

A jury found the defendant guilty of sodomy. He was sentenced to imprisonment for ten years. He presents three points of alleged error on appeal.

A twelve-year-old boy at the time of the offense was the victim of the crime of sodomy. He first met defendant when he was riding his bicycle near Highway 39 about a half mile up the road from his home. In the initial charge and in testimony at the preliminary hearing, the meeting allegedly occurred on July 29, 1983. One day prior to the trial, the prosecution informed defense counsel that the young boy was ready to testify that this meeting and subsequent events could have happened the last part of July or the first part of Au-

gust. Defense counsel moved for a continuance of the trial for the reason that the alibi defense developed related to the initial days charged. The motion was denied and the boy testified that the sexual assault occurred anytime within the expanded time frame of late July to early August.

At the time of the meeting the young boy was engaged in his usual summertime activity of riding his bicycle and shooting his BB pistol. The boy indicated the defendant, driving a white Dodge Ram, pulled over, asked directions and then went on. Ten or fifteen minutes later the defendant returned, identified himself as Jack Stone and indicated he wanted to talk with the boy. Nothing beyond a brief discussion occurred at this time.

The next day the boy was riding his bike in the same general location when the defendant drove by, stopped, and talked to the boy about things in general for about an hour-and-a-half to two hours. The day after this lengthy discussion, the boy found two erotic pictures lying under a tree in the general vicinity where the other meetings occurred. The boy saw the defendant the next day in the same vicinity. After a brief discussion, defendant raised the subject of sexual activity between him and his wife. The boy asked the defendant to wait and went home and got the two pictures he had found the day before and gave them to defendant. Defendant asked the boy if he wanted to see something and after receiving an affirmative response, went to his truck and returned with a photo album containing nude pictures of defendant engaged in sexual acts with a woman. Defendant referred to oral sexual acts between him and his wife and asked the boy if defendant could perform the same on the boy to which the boy immediately refused. Defendant persisted in his request, indicating that the activity would "make a man out of you". The boy repeatedly refused defendant's advances but defendant, without threats of force or violence, persisted in his request until the boy, beginning to become fearful, finally acquiesced by lowering his clothing and allowing the sexual

activity. After approximately ten seconds, the boy pointed his BB pistol at the defendant's head and ordered him to stop. Defendant again attempted to get the boy to allow the defendant to continue, but the boy refused and made up an excuse to get away. Defendant gave the boy five dollars and asked him if he wanted to stay around and watch him masturbate. The boy refused and left immediately.

Defendant denied ever knowing or having seen the boy prior to the preliminary hearing. Defendant was not sure of his whereabouts on July 29, but testified as to other places where he was likely to have been. Defendant adduced evidence of his whereabouts on July 30, 31, August 1 and 2.

The boy stayed away from the scene of the incident for eight months, but upon returning, found a note in the same general area soliciting similar sexual activity. The boy, believing the note was from the defendant and with the intent of beating defendant up, left a note in return, agreeing to meet him. Defendant testified that in the latter part of March or early April, he was driving through the area and stopped to fix items in his truck when he found the first of the notes in question. Out of curiosity, defendant began an exchange of notes which lasted for three weeks. Attached to one of the notes left by the defendant was one of the erotic pictures originally left under a tree and later found by the boy and returned to defendant.

During the exchange of notes the boy's father learned what was happening and went to the "drop site" and observed a silver Dodge. Defendant drove a 1984 silver Dodge Rampage at the time the notes were being exchanged. The father, without defendant's knowledge, saw defendant at the location where the notes were exchanged and he also obtained the license number of the truck.

■ Defendant's first point of alleged error is that the trial court should be reversed because his motion for continuance was overruled. Defendant was charged by amended information with having commit-

ted the crime of sodomy "on or about August 1, 1983". In order for an appellate court to determine whether or not a trial court has abused its discretion, it is necessary for the appellate court to review the facts and circumstances of each case. We find in this case that the victim by deposition taken prior to trial testified he honestly did not remember which day the act occurred. Defense counsel was, therefore, put on notice that the occurrence could have happened a week prior to or a week after August 1, 1983.

"In criminal cases, applications for continuances are addressed to the sound discretion of the trial court and every intendment in favor of the trial court's action is indulged on appeal. To induce an appellate court to reverse a conviction based upon the trial court's refusal to grant a continuance, it must be made to appear that the refusal resulted from clear and certain abuse of discretion." *State v. Berger*, 618 S.W.2d 215, 217 (Mo.App.1981).

The trial court used its sound discretion in overruling defendant's motion for a continuance and defendant has failed to show that the trial court's refusal to grant a continuance resulted from a clear and certain abuse of the trial court's discretion. Therefore, we find defendant's first point is without merit.

■ Defendant next contends that the trial court erred in allowing the State to use photographs which had been previously suppressed to cross-examine defendant's character witnesses over the objection of the defendant.

Defendant called two character witnesses who testified that in their opinion defendant had a good character and reputation and that he was truthful and peaceful. On cross-examination, the prosecutor handed each of them some photographs which had been suppressed and asked each of them if their opinion would change if they knew defendant was carrying these pictures around in his truck and briefcase. They both testified that would not change their opinion of the defendant. The wit-

nesses were allowed to answer the prosecutor's question over objection of defendant. Defendant claims that it was error for the court to allow the prosecutor to use the photographs to cross-examine the defendant's character witnesses as to whether or not their opinion of the defendant would change after viewing the photographs. An analogous situation exists when asking the defendant's reputation witness about prior arrests which the defendant may have had. Evidence of these arrests would certainly not be admissible as direct evidence. However, as stated by the Missouri Supreme Court, "The State may cross-examine a witness to defendant's good reputation regarding the fact of prior arrests in order to test both the witness' familiarity with the reputation and the stringency of the standard under which that reputation was earned. Likewise, if a witness testifies to his own (or in this case someone else's) opinion of defendant's character, then the prosecutor may test the legitimacy of the basis for that opinion by inquiring whether the witness (or the other person) is aware of pertinent bad acts of defendant, including his arrest on other charges." *State v. Byrd,* 676 S.W.2d 494, 505 (Mo. banc 1984). This type of cross-examination can be useful in showing that the witness is in fact not familiar with the defendant's reputation or that the witness' criteria for forming an opinion of good character are unsound. *State v. Morgan,* 653 S.W.2d 257, 258 (Mo. App.1983). While the photographs were not admissible as direct evidence, they could be used to cross-examine defendant's reputation witnesses. Cross-examining defendant's character witnesses with the photographs was useful in showing that these witnesses were either not familiar with defendant's reputation or that their criteria for forming an opinion of good character are unsound.

In oral argument before this Court, counsel for defendant cited *United States v. Havens,* 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559 (1980). No relief can be granted defendant under this case. This point is denied.

In his final point on appeal, defendant asserts that the trial court erred in overruling defendant's motion for mistrial after the prosecuting attorney placed Exhibit 12, a photograph, in such a manner that it was viewed by the jury when it was not offered into evidence. This occurred when the prosecutor was handing Exhibit 12 to Mr. Eddy, one of the defendant's character witnesses, to see if his opinion of defendant would change. The problem with defendant's position is that nowhere in the record can we find anything which indicates that the prosecutor did, in fact, show the exhibit to the jury. Defense counsel included an affidavit with the motion for new trial stating that the prosecutor displayed the photograph to the jury. During the motion for new trial, the court asked the prosecutor if he did in fact display the exhibit so as to reveal it to the jury to which the prosecutor replied that he did not. Bare allegations standing alone whether made in a motion ore tenus, in a new trial motion, or in a brief, which are unsupported by the record, exhibits or transcript are not to be considered on appeal. *State v. Morris,* 680 S.W.2d 315, 321 (Mo. App.1984).

The trial court did not abuse its discretion in refusing to declare a mistrial on defense counsel's allegation that the prosecutor showed the exhibit to the jury. The granting of a mistrial rests largely within the discretion of the trial court. The function of an appellate court on a denial of a mistrial is limited to determining, as a matter of law, whether the trial court abused its discretion in refusing to declare a mistrial, *State v. Cook,* 676 S.W.2d 915, 917 (Mo.App.1984), since the trial court is in a better position to gauge its prejudicial effect upon the jury. *State v. Reynolds,* 608 S.W.2d 422, 427 (Mo.1980). The point is denied and the judgment is affirmed.

PREWITT, C.J., MAUS, J., and JAMES H. KEET, Jr., Senior Judge, concur.