Glen E. CONRAD, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16324.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 12, 1989.

Brian P. Taylor, Neosho, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial, movant was convicted of sodomy, and sentenced to ten years' imprisonment. That conviction was affirmed on appeal. *State v. Conrad,* 719 S.W.2d 104 (Mo.App.1986). Thereafter, movant filed a motion and amended motion "pursuant to Rule 24.035". That rule pertains to convictions after guilty plea, which did not occur here. We treat it as a motion under Rule 29.15 which provides for post-conviction relief after trial.[1]

Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion. Review of the trial court's order is limited to determining whether the findings and conclusions were clearly erroneous. Rule 29.15(j). Movant contends on appeal that he received ineffective assistance of counsel at the criminal trial because his attorney was unprepared to present an alibi defense. Movant's point states that "a reasonably competent attorney under similar circumstances should have known from the evidence available to him prior to trial that the date of the alleged occurrence could be expanded beyond what his alibi defense was prepared to meet." The information charged an offense occurring on or about August 1, 1983. Apparently the day before trial defense counsel was informed by the prosecuting attorney that the time when the alleged sodomy occurred could have been within one week before and one week after that date. Counsel moved for continuance but that was denied. See *Conrad,* 719 S.W.2d at 106.

Movant had the burden of proving his grounds for relief by a preponderance of the evidence. Rule 29.15(h). "To sustain a claim of ineffective assistance of counsel movant must establish that there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different;

---

1. At times in the record the motions are referred to as being under Rule 27.26. That rule was repealed before the filing of movant's initial motion on June 30, 1988. As sentence was pronounced prior to January 1, 1988, and the record does not show that any motion under Rule 27.26 was filed, movant's initial motion was timely as a Rule 29.15 motion. See Rule 29.15(m).

a reasonable probability being a probability sufficient to undermine confidence in the outcome." *Tatum v. State*, 693 S.W.2d 903, 904 (Mo.App.1985).

To establish ineffective assistance of counsel for failure to investigate, subpoena, and call witnesses, movant had to prove that the witnesses could have been located through reasonable investigation, that they would have testified if called, and that their testimony would have produced a viable defense. *Hogshooter v. State*, 681 S.W.2d 20, 21 (Mo.App.1984). See also *Franklin v. State*, 655 S.W.2d 561, 566 (Mo.App.1983) (applying this rule to alibi witnesses). Movant failed to have any proof on this.

The only witnesses presented by movant at the motion hearing were himself and two attorneys who represented him before the trial court on the criminal charge. Movant also introduced into evidence portions of the trial transcript and the victim's deposition. The state offered no evidence. There was no evidence regarding any witnesses or other evidence that might have helped movant establish an alibi. Whether movant's attorney at the criminal trial might have discovered and presented such evidence was totally speculative.

Movant failed to meet his burden of proof as he failed to show that there were any witnesses who could have testified favorably to him and that the result of the proceedings might have been different. The findings and conclusions of the trial court were not clearly erroneous.

The judgment is affirmed.

CROW, P.J., and GREENE, J., concur.