**STATE of Missouri, Respondent,**

v.

**Robert Lee TILLMAN, Appellant.**

**Nos. 54652, 55158.**

Supreme Court of Missouri,
Division No. 1.

June 8, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Dewey S. Godfrey, Jr., St. Louis, for appellant.

WELBORN, Commissioner.

Appeal from two years' sentence imposed pursuant to jury verdict finding appellant, Robert Lee Tillman, guilty of carrying concealed weapons. § 564.610, RSMo 1967 Supp., V.A.M.S.

On the morning of June 30, 1968, Troopers Mertens and Fox of the Missouri State Highway Patrol were patrolling on Interstate Highway No. 44 in Phelps County, Missouri. They saw a 1965 Oldsmobile parked on the shoulder of the highway and stopped their patrol auto a few feet to the rear of the Oldsmobile. Trooper Mertens approached the Oldsmobile and found that its three occupants were asleep. There were two persons in the front seat. Appellant Tillman was in the rear seat, lying with his head directly behind the driver's seat and his feet behind the front passenger seat, facing forward.

Trooper Mertens returned to the patrol car and obtained a shotgun. Trooper Fox

then approached the Oldsmobile while Mertens stood nearby with the shotgun. The occupants of the Oldsmobile were awakened by Fox, told to get out of the auto, and, as they did so, they were placed under arrest. They were handcuffed and searched by Trooper Fox. Trooper Mertens returned his gun to the patrol car and then searched the Oldsmobile. On the rear seat, in the area where appellant's head was when Mertens first looked into the Oldsmobile, the trooper found a folded light-weight summer jacket. Beneath the jacket the trooper found a Smith and Wesson .38 caliber revolver and a Hawes .25 caliber automatic pistol. Both weapons were loaded.

At his trial on the charge of carrying those weapons concealed about his person, the state relied upon the testimony of Troopers Mertens and Fox to substantiate the above recited facts. Appellant, testifying in his own behalf, stated that he saw the trooper remove the weapons from beneath the front seat of the Oldsmobile.

■ On this appeal, the first contention is that the trial court erred in refusing to exclude the state's witnesses, as requested by counsel for appellant. When counsel requested that the rule on witnesses be invoked, the trial court declined to do so for the reason that there was no other suitable place in the courthouse for the witnesses.

Appellant acknowledges that this was a matter for the trial court's discretion. State v. Foster, Mo.Sup., 349 S.W.2d 922, 923 [1, 2]; State v. Crider, Mo.Sup., 419 S.W.2d 13, 14–15 [5]. Appellant's assertion, not otherwise supported by the record, in his brief that there were other facilities in the courthouse for the witnesses does not establish an abuse of discretion. State v. Foster, supra.

■ Appellant attacks the sufficiency of the evidence to sustain the conviction. He asserts that he was not found in possession of the weapons, that he was neither the owner nor the person in control of the vehicle in which they were found and that the vehicle and its contents, including the jacket beneath which the pistols were found, were subsequently claimed by another occupant of the Oldsmobile.

Evidence that the weapons, when discovered by Trooper Mertens, were concealed beneath a jacket in the portion of the back seat on which appellant's head was lying, was sufficient to sustain a finding that the weapons were carried "concealed * * * about * * * [the] person" of appellant, within the meaning of § 564.610, supra. "Under the statute * * * defining this offense, the concealment, although not actually on the person, may be in such close proximity to the accused as to be within his easy reach and convenient control; and upon proof of this fact the offense is made out." State v. Conley, 280 Mo. 21, 217 S.W. 29 [2]. See State v. Mulconry, Mo.Sup., 270 S.W. 375.

This case is distinguishable from State v. Holbert, Mo., 420 S.W.2d 351, relied upon by appellant. In Holbert, the weapon first came to the arresting officer's attention when it fell to the floor of the auto as the driver was assisted from it. There was no evidence as to the location of the pistol prior to its falling to the floor and the court found that there was no basis for a finding that the pistol was so located as not to be discernible by the officer when he came to the auto. In this case, the weapons were not "discernible by ordinary observation." State v. Bordeaux, Mo.Sup., 337 S.W.2d 47, 49 [4]. Their presence was revealed only upon removal of the jacket covering them. The state's evidence clearly showed the weapons to have been within the easy reach of the appellant and within his convenient control. State v. Conley, supra. The evidence was sufficient to support a finding of guilt.

■ There is no merit in the contention that the refusal of appellant's instruction on intent was error. State v. Carter,

259 Mo. 349, 168 S.W. 679, relied upon by appellant, holds that the issue of intent in a concealed weapons case should be submitted to the jury when there is an issue of fact as to the concealment and, if concealed, as to whether the defendant intended it to be concealed. 168 S.W. 680 [3]. Here there was no such issue of fact. The defendant denied that the weapons were found within his effective control because they were under the front seat. The issue was made as to the fact of concealment as testified to by the arresting officer. Furthermore, in Carter, the court pointed out that the issue of intent could be covered by inserting the word "intentionally" in the main instruction on behalf of the state. The main instruction here required the jury to find that the defendant "wilfully" carried a concealed weapon. "Wilfully" was defined in the instruction as meaning "intentionally and not by accident or mistake." The issue was, therefore, submitted to the jury and refusal of defendant's instruction was not error. State v. Niehoff, Mo.Sup., 395 S.W.2d 174, 182–183 [12], [13].

Appellant's final assignment of error relates to the trial court's overruling his objections to the remark of the prosecuting attorney, in his opening statement, that the occupants of the Oldsmobile were arrested for murder and robbery and to the similar testimony of Trooper Mertens in response to the question by the prosecutor as to whether the witness took any official action affecting appellant. Appellant argues that this remark and testimony placed before the jury the commission by defendant of other offenses not related to the crime for which the defendant was on trial. The general rule is "that evidence that accused has committed another crime independent of, and unconnected with, the one on trial is inadmissible; it is not competent to prove one crime by proving another." 22A C.J.S. Criminal

Law § 682, p. 729; State v. Holbert, Mo. Sup., 416 S.W.2d 129, 132 [2–6]; State v. Reese, 364 Mo. 1221, 274 S.W.2d 304, 306–307 [2]. The state, on this appeal, does not endeavor to justify the presentation of the information here complained of on the basis of any of the recognized exceptions to the general rule. State v. Holbert, supra; State v. Smith, Mo.Sup., 431 S.W.2d 74, 79–80 [10–13]. The state's justification is that the jury were entitled to know the circumstances of the arrest because the admissibility of the pistols seized depended upon the legality of the arrest. The legality of the arrest would, of course, affect the search which produced the pistols. The matter was aired at a pretrial hearing on appellant's motion to suppress the evidence. "But, with the ruling on that motion, the question concerning the lawfulness of the arrest and the validity of the search went out of the case, except for appellate review, if preserved." State v. Holbert, supra, 416 S.W. 2d p. 133 [8]. The trial court's rulings cannot be justified on the theory advanced by the state.

Absent proper justification, the statement and testimony presented to the jury evidence not related to the offense charged, and having "dangerous tendency and misleading probative force." State v. Holbert, supra, 416 S.W.2d p. 132 [2–6]. The trial court's action in overruling defendant's objections was error, requiring reversal of the conviction and remand for a new trial. State v. Holbert, supra; State v. Reese, supra.

Reversed and remanded.

HOUSER and HIGGINS, CC., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.