**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Farrell Dean JONES,
Defendant-Appellant.**

No. 39923.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Joseph Webb, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant appeals from a conviction of Forcible Rape, Robbery First Degree and Armed Criminal Action. The jury assessed punishment at ten years, five years, and five years respectively, the sentences to run consecutively. Defendant assigns error in the trial court's denial of a mistrial after the testimony of one of the investigating policemen allegedly containing prejudicial evidence of another crime. We affirm.

The prosecutrix testified that while walking home on November 16, 1976, a man approached her, put a screw driver to her side, and told her to walk with him. He said he "had just robbed somebody and the policemen wouldn't mess with him if he had a girl with him." He took her to a dark house, drew a gun, forced her to disrobe partially and have sexual intercourse with him. Thereafter, he took her purse; threw the contents on the floor and confiscated approximately two dollars. He told her that he was going to kill her because she would tell what happened, then said he would kill her if she told. The prosecutrix identified defendant from police photographs, in a line-up, and at the trial.

The prosecutrix first reported the crime to police officer Dennis Crowe. Crowe called a female officer with whom the prosecutrix conferred and to whom the prosecutrix gave a description of her assailant. Another police officer, Samuel Dean, testified that he conducted the investigation of the rape and robbery in question. He stated that the day after the incident he and two other officers interviewed the prosecutrix and showed her 30 to 35 photos of suspects from which she tentatively identified the defendant as her assailant. On that same say, the three officers talked to people on the streets, looking for witnesses and informants. Two days after the incident, Officer Dean and one other officer took the prosecutrix back to the scene of the crime. Officer Dean testified that the police thereafter continued their investigation. When asked what the investigation lead to, Officer Dean testified:

Well, after we had showed the victim the photos she had tentatively identified the defendant and we were more or less looking to find him on the street because he had already been wanted.

Contending the statement "had already been wanted" referred to another crime, the defense attorney moved for a mistrial. The trial court denied the request for a mistrial.

■ Appellate review of refusal to grant a mistrial is limited to a determination of whether, as a matter of law, the trial court abused its discretion in refusing to grant the mistrial. *State v. Nolan*, 423 S.W.2d 815, 819 (Mo.1968). The granting of a mistrial is a drastic remedy which "should be exercised only in extraordinary circumstances." *State v. James*, 347 S.W.2d 211, 214 (Mo.1961). We necessarily defer to the trial court's discretion because it is in a better position to observe and evaluate the incident giving rise to the request for a mistrial.

■ It is a well-established rule that proof of commission of a separate and distinct crime is not admissible unless such proof has some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial or comes within one of several exceptions to show motive, intent, absence of mistake or accident, a common plan, or identity. *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967); *State v. Diamond*, 532 S.W.2d 873, 876 (Mo. App.1976).

■ Here, the trial court took the "wanted" comment to be in reference to the crime for which defendant was being tried. The trial judge said:

No time sequence has been stated as to when the officer was looking for him. Now, all this investigation took place immediately after the alleged crimes were committed. Numerous officers evidently were involved in this matter.

This interpretation of the "wanted" remark is reasonable in light of the evidence that on the day the crime was reported, the prosecutrix made an identification of the defendant. Further, the fact that the police were looking for witnesses and informants indicates that being "wanted" by police can encompass more than simply being "wanted" for a crime.

Even if the "wanted" statement is considered as evidence of another crime, it does not necessitate a reversal. The testimony was vague, indefinite, and lacking in any specific reference to another offense. See *State v. Lee*, 404 S.W.2d 740, 748 (Mo.1966). Furthermore, other references in trial testimony help put this remark in proper perspective. Officer Dean had testified without objection that he had shown the prosecutrix photos of other "suspects" out of which she identified the defendant.

Also, the prosecutrix testified at trial that defendant told her that he had just committed a robbery. Considered in the context of the testimony as to the ongoing investigation, and in light of the testimony as to the prosecutrix's prior photo identification of defendant and her recitation of the defendant's reference to a recent robbery, the inexact "wanted" remark clearly cannot be said to muster the prejudicial impact warranting a mistrial.

Judgment affirmed.

CLEMENS and GUNN, JJ., concur.