**STATE of Missouri, Plaintiff-Respondent,**

v.

**Theodore CHURCHIR, Defendant-Appellant.**

**No. 46739.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 9, 1983.

Motion for Rehearing/Transfer to Supreme Court Denied Sept. 15, 1983.

Kenneth R. Singer, St. Louis, for defendant-appellant.

Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, Pat Smith, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant, Theodore Churchir, appellant herein, was found guilty of first degree murder by a jury in the City of St. Louis. On October 2, 1981, the court sentenced appellant to life imprisonment and he appealed the judgment to the Supreme Court of Missouri. The case was then transferred to this court and we affirm the judgment.

This case arises out of the murder of Evelyn Richardson at her home on August 25, 1980. Mrs. Richardson's body was found outside near her front porch. After the police determined that the interior of Richardson's home had not been disturbed, they photographed all of the rooms, including the kitchen. The police then directed Richardson's landlord to close the windows and lock the doors of the house. On the following day, August 26, 1980, the police returned to follow up their investigation and discovered that the home had been burglarized.

On August 27, 1980, Detective Huffman arrested appellant for an unrelated burglary. Immediately before the arrest, Huffman observed appellant getting out of a brown automobile and entering a basement apartment. After the arrest, the police took several photographs of the apartment and the various items located in it.

Later that same day, Detective Huffman, and Detective McDonagh who was investigating the Richardson murder, were casually talking about the cases they were handling. Detective McDonagh had been unable to locate any witnesses to the Richardson murder, but he did learn that a brown automobile was observed leaving the scene after the homicide. After Huffman told McDonagh about the details of appellant's arrest for burglary, McDonagh and Huffman compared the photographs taken of Richardson's kitchen on August 25 with the photographs taken of the apartment where appellant was arrested, and they discovered that a number of items shown in the photographs were the same.

Four months prior to trial, appellant filed a motion in limine, requesting that all evidence pertaining to the unrelated burglary for which appellant was originally arrested be excluded from the murder trial. This motion was overruled. However, the trial court did rule that the state could not go into the details of the burglary.

Four days before the trial, appellant filed a motion for a continuance, wherein he stated that his sole alibi witness, although being subpoenaed to testify four months earlier, could not be located and was deliberately hiding to avoid testifying. On the day of trial, the court denied appellant's motion for a continuance. The trial court noted that the case had been on the docket for a long time, appellant had been given sufficient time to secure the attendance of the witness, one mistrial had already been granted in the case, and four days had elapsed since the motion was presented to the court and there was additional time to secure the attendance of this witness since the jury had not yet been selected.

Appellant raises two points of error in his brief. In his first point, appellant contends that the trial court erred in denying his motion for a continuance wherein he requested additional time to locate and secure the attendance at trial of his sole alibi witness.

An application for a continuance in a criminal case is addressed to the sound discretion of the trial court. The appellate court will not interfere unless it clearly appears that such discretion has been abused. This principle is also applicable when the continuance is sought to enable the defendant to produce an absent witness under subpoena. *State v. Oliver,* 572 S.W.2d 440, 445 (Mo. banc 1978).

A movant seeking a continuance on account of a witness must produce facts which satisfy a court that the attendance or testimony of an absent witness can be procured within a reasonable time. *State v. Oliver,* 572 S.W.2d at 445. Here, appellant had not been able to locate his witness and the only fact which he presented to the court was that he would use diligence in seeking to find his witness. Moreover, it was clear that neither his witness nor his witness' family wanted her to cooperate in appellant's defense. Giving the court below every intendment in favor of its action we find that the trial court did not abuse its discretion in refusing to grant a continuance. *State v. Gaskin,* 618 S.W.2d 620, 626 (Mo.1981).

In his second point, appellant alleged that the trial court erred in allowing into evidence testimony about appellant's arrest for an unrelated burglary.

Ordinarily, the State may not introduce evidence of the accused's other criminal acts to show a probability that he committed the crime in question. When such evidence is relevant for some other purpose, however, it should not be rejected merely because it incidentally proves the defendant guilty of another crime. *State v. Graham,* 641 S.W.2d 102, 105 (Mo. banc 1982).

Evidence of other crimes is, however, admissible to prove the specific crime charged when it tends to prove the identity of the person charged with the commission of the crime on trial. *State v. Brownridge,* 459 S.W.2d 317, 321 (Mo.1970). Here, evidence concerning the arrest of appellant for burglary explained the reason Detectives Huffman and McDonagh compared photographs of Richardson's kitchen with the

photographs of the apartment in which appellant was arrested. Consequently, we find that the admission into evidence of the fact that appellant was arrested for an unrelated offense was not erroneous under the circumstances. *State v. Hicks,* 591 S.W.2d 184, 192 (Mo.App.1979). Further, we find that the admission into evidence of this testimony did not prejudice appellant's case, since a limiting instruction was given to the jury directing them to consider this evidence only on the issue of the presence of a common scheme, plan, or identity of the defendant and for no other purpose. The trial court was also careful to deny the admission into evidence of the *details* of the unrelated crime, thus satisfying the requirements of *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (1954) (emphasis ours).

Judgment affirmed.

SNYDER, P.J., and GAERTNER, J., concur.