STATE of Missouri,
Plaintiff–Respondent,

v.

Tommie L. WEST, Defendant–Appellant.

No. 52881.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 19, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Defendant appeals from his conviction for carrying a concealed weapon. In his first point, he asserts he was unfairly prejudiced by the admission of, and by the prosecutor's comments on, evidence that suggested he had committed a crime other than the one for which he was being tried. He neglects to state, however, what prejudice he suffered, and we, in our review of the record, have found none.

At trial, St. Louis Police Officer Diana Pate testified that she went to the scene of defendant's arrest in response to a police radio broadcast that shots had been fired in the area. She also testified that, while she was en route to the scene, there was a second radio announcement that a person by the name of Tommie West was wanted for first degree assault in connection with the shooting. No objections were made to this testimony.

Officer Pate continued that, upon her arrival at the scene, she observed a taxi cab with a passenger in the back seat. She stated that "about twenty, twenty-five people out on the street (were) yelling at me and pointing to the cab saying there is a man in the back with a gun." She approached the cab with her gun drawn, and saw that the passenger fit the broadcasted description of Tommie West. She noted that he had a canvas bag on the seat next to him and that his hand was resting on it. She caused the man, identified at trial as defendant, to get out of the cab and handcuffed him. Another police officer arriving on the scene searched the bag and found a loaded gun and ammunition.

■ Reference to the fact that, just prior to effecting defendant's arrest based on the reports of the bystanders, Officer Pate learned that defendant was wanted for first degree assault, cannot reasonably be argued to be evidence of "other crimes" warranting reversal. Officer Pate's unobjected to testimony, related to a chain of events occurring minutes prior to the arrest, provided an explanation for her arrival on the scene and her actions upon arrival. As such, the testimony was so closely intertwined with the crime in question as to be virtually an integral part of it. Because the testimony is material to the issue in the present case we only consider whether the testimony will establish and prove the facts; it is an incidental matter that it also suggests defendant committed other crimes. *State v. McDaniels*, 668 S.W.2d 230, 232 (Mo.App.1984).

■ Even if it were error for the state to elicit the testimony, we cannot see how defendant could have been prejudiced by it. A jury must convict a defendant of carrying a concealed weapon if it finds that, beyond a reasonable doubt, defendant knowingly carried on or about his person a concealed, readily accessible firearm. § 571.030.1(1), RSMo 1986. The state's evidence in this case showed that, incident to what defendant concedes was a lawful arrest, police searched a bag he had been carrying and found a loaded .38 caliber revolver and 23 unexpended rounds of ammunition that had been specially modified to fit the weapon. This evidence establishes the elements of carrying a concealed weapon and was challenged only by the testimony of defendant's wife, which was offered to suggest that the police could have planted the revolver on defendant.

Defendant's wife's testimony was itself, however, less than compelling and was impeached by two of the state's rebuttal witnesses who testified defendant's wife was not present when defendant was arrested. Error that in a close case might dictate reversal will be disregarded when evidence of guilt is strong, as it is here. *State v. Hampton*, 648 S.W.2d 162, 166 (Mo.App. 1983).

■ Nor can we see how defendant could have been prejudiced by the prosecutor's brief reference to this testimony during closing argument. In reviewing the evidence, the prosecutor said:

> Now, let's go through the facts of the case. What do we have here? The officers get called out on Claxton. A call for shots fired. There's a simultaneous radio broadcast that says man wanted for an assault. By name, Tommie West. Assault in the first degree.
>
> So although we're not concerned—
>
> MR. WEST: Your Honor, I object to the reference to the case of assault first degree which the defendant was acquitted for.
>
> MR. TANNER: (Prosecutor) Judge, that's another *totally separate case.* (Emphasis added).

Earlier in the argument, the prosecutor had specifically admonished the jury that they were not to be concerned with any reference to other crimes or misconduct, as follows:

> What we're here to do is to decide whether he's guilty of unlawful use of a weapon by carrying a concealed weapon. You have a very narrow, simple focus. *Not* whether he's involved in a shooting, *not* whether he was shot at, *not* whether he's shooting anybody, but did he carry a concealed weapon. That's why we're here. (Emphasis added).

As discussed above, the testimony relating to the radio broadcasts about gunshots and assault in the first degree were inextricably intertwined with the crime for which defendant was tried. Reference to this evidence in the prosecutor's closing argument was justified for such reason. Moreover, in view of the way the prosecutor effectively told the jury to disregard the issue of whether defendant was involved in the other matters, focusing their attention solely on the concealment charge, we find no error, plain or otherwise, in the argument. Point denied.

In his remaining point, defendant asserts the trial court denied him a fair trial and undermined the presumption of innocence to which he was entitled by requiring him to appear at his trial in leg irons. His assertion is meritless.

■ At a pre-trial proceeding, the trial court granted defendant permission to conduct his own defense. Before defendant's appointed counsel had withdrawn, however, the prosecutor, with these remarks, successfully moved that defendant be compelled to appear at trial in leg irons:

> As the Court's well aware, we attended a sentencing hearing with [defendant] last year, and he did in fact try to escape from the courtroom, and that's why he's wearing leg irons.
>
> And I consider him to be a very dangerous security risk. He's already got a ten-year sentence, and I'm a little concerned about him wandering around the courtroom giving a closing argument, making a voir dire, approaching a witness to cross-examine the witness considering his propensity for escape.

Defendant's counsel neither responded to the prosecutor's remarks nor otherwise opposed the request that defendant be fettered during trial. Defendant remained similarly quiescent, though we note he demonstrated a readiness and ability to speak his mind with respect to other matters. Accordingly, we review only for plain error resulting in manifest injustice. In light of the overwhelming proof of defendant's guilt, we find none. Rule 29.12(b); *State v. Rogers*, 674 S.W.2d 608, 610 (Mo. App.1984). The point is denied.

The judgment is affirmed.

DOWD and PUDLOWSKI, JJ., concur.