**STATE of Missouri, Respondent,**

v.

**Tony SANDERS, Appellant.**

**No. 54319.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 1, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 29, 1988.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

After a jury trial, appellant was found guilty of illegal possession of phencyclidine (PCP) and sentenced as a prior and persistent offender to ten years. Appellant contends the trial court abused its discretion by overruling appellant's request for a mistrial after the state's witness testified "there were warrants for his [appellant's] arrest on file".

Police were informed that appellant was staying at a motel in the City of St. Louis. After determining that warrants for his arrest were outstanding, detectives went to the motel and were told by their informant which room appellant was in. After knocking on the door and identifying themselves they entered the room and placed appellant under arrest. As he was being led from the room in handcuffs, he asked for his jacket. Upon searching the jacket pockets for weapons, a detective found a pack of

Super Kool cigarettes containing one cigarette inside a plastic bag. Lab tests determined the cigarette, which smelled like ether, was laced with PCP.

Appellant's sole point on appeal alleges trial court error in denying his request for a mistrial when one of the arresting officers mentioned that he had determined there were outstanding warrants for appellant's arrest. No specific details concerning the arrest warrants, such as the nature of the charges or the jurisdiction from which they issued, were disclosed. We note that a prior witness had testified without objection, on direct and on cross-examination, that he had been informed by police radio that appellant was "wanted". Thus, the timeliness of appellant's request for a mistrial upon the later mention of "arrest warrant" is at least dubious. *See State v. McCaw*, 753 S.W.2d 57, 58–59 (Mo.App. 1988); *State v. Patterson*, 516 S.W.2d 571, 574 (Mo.App.1974). Nevertheless, the point lacks merit.

The mention of outstanding warrants may be admissible to provide a clear and coherent narrative of the circumstances preceding the arrest. *State v. Wilson*, 755 S.W.2d 707 (E.D.Mo.1988) In *Wilson*, the defendant was arrested for burglary in Santa Monica and we allowed evidence of his participation in the burglary in a Missouri trial for murder. The tread of his shoes outside the burglarized house matched the bloody footprint in a murder victim's kitchen in St. Louis. We held that the "clear connection between defendant's arrest for burglary and his identification as a participant in the ... murder is sufficient to establish the relevance of the evidence relating to his arrest." 755 S.W.2d 707 at 710.

In *State v. West*, 743 S.W.2d 592 (Mo. App.1988) defendant was not prejudiced in a prosecution for carrying a concealed weapon by a statement that he was wanted for assault. Such testimony was "related to a chain of events occurring minutes prior to the arrival, provided an explanation for [the officer's] arrival on the scene and her actions upon arrival. As such, the testimony was so closely intertwined with the crime in question as to be virtually an integral part of it." *Id.* at 593. Similarly in *State v. Churchir*, 658 S.W.2d 35 (Mo. App.1983) the defendant was on trial for murder. We held evidence that the defendant was arrested on an unrelated charge was not erroneous since it explained why the police investigated the defendant since the investigation uncovered evidence for the murder charge.

In *State v. Hampton*, 648 S.W.2d 162 (Mo.App.1983) the facts are strikingly similar to appellant's case. Defendant was convicted of robbery in the first degree. Police searched defendant's home for an unrelated offense and arrested the defendant. Before they left defendant said he wanted his jacket. In the jacket police found the victim's stolen checkbook and identification. During the trial the officers testified they executed a warrant but did not state the reasons for the warrant. We held the "state had a right to establish that the victim's checkbook was found in defendant's possession and.... it would have been impossible to explain the circumstances in which the checkbook and identification were found without indirectly informing the jury that defendant was under arrest for other crimes." *Id.* at 166.

Furthermore, vague references to uncharged offenses lack sufficient prejudice to warrant a mistrial. In *State v. Jones*, 578 S.W.2d 286 (Mo.App.1979), the defendant was convicted of forcible rape, robbery first degree and armed criminal action. On appeal he claimed the court erred by denying a mistrial when a policeman testified the defendant "had already been wanted." We noted that "[e]ven if the 'wanted' statement is considered as evidence of another crime, it does not necessitate a reversal. The testimony was vague, indefinite, and lacking in any specific reference to another offense." *Id.* at 288.

The two references in direct examination that appellant was wanted are similarly vague. The mere existence of warrants does not prove appellant guilty of any prior offense. Not mentioning the type of prior offenses underlying the warrants minimizes any potential prejudice.

Appellant relies on *State v. Tillman*, 454 S.W.2d 923, 926 (Mo.1970) for the proposition that uncharged conduct cannot be admitted solely to explain the circumstances of the arrest. In *Tillman*, the occupants of an Oldsmobile were arrested for murder and robbery. Searching the car, troopers found a loaded revolver and an automatic pistol. During the trial on the charge of Carrying a Concealed Weapon, the prosecutor in his opening statement and a trooper in his testimony stated the arrest was for murder and robbery. The court reversed rejecting the state's justification "that the jury were entitled to know the circumstances of the arrest because the admissibility of the pistols depended upon the legality of the arrest." *Id.* at 926. *Tillman* can be easily distinguished since it referred to specific offenses. The vague mention of outstanding warrants is less prejudicial since the number of warrants, the nature and severity of the offense, or the close connection between the charged and uncharged offense remains undisclosed. Furthermore, the testimony in appellant's case not only explained the legality of his arrest but helped explain why two detectives had entered his home uninvited and were taking him away in handcuffs.

The only relief requested by appellant upon the mention of the word "warrant" was the declaration of a mistrial. We find no abuse of trial court discretion in denying such a drastic remedy under the circumstances of this case. *See State v. Burroughs*, 740 S.W.2d 272, 274 (Mo.App. 1987).

AFFIRMED.

PUDLOWSKI, C.J., and SIMEONE, Senior Judge, concur.