**STATE of Missouri, Respondent,**

v.

**Nsengiyumva PASCALE, Appellant.**

**No. ED 95851.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 8, 2011.

Timothy Forneris, Office of the Missouri Public Defender, St. Louis, MO, for appellant.

Chris Koster, Shaun J. Mackelprang, Daniel N. McPherson, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Facts and Procedural History

Appellant Nsengiyumva Pascale ("Pascale") was convicted of one count of domestic assault in the second degree, and one count of assault in the second degree. The evidence at trial established that Pascale met and married C.B. in Tanzania, and moved to St. Louis in 2006. The couple had several children including a daughter, E.M. Pascale was ordered to leave the marital home after several reported instances of domestic abuse. When Pascale

moved out neighbor John Bizindavi began assisting C.B. and the children. Pascale threatened Bizindavi and told him that if Bizindavi continued helping C.B., Pascale would crush him with a car. On 21 November 2009, Bizindavi drove C.B. to the market. Upon returning to C.B.'s house, Bizindavi parked the car; both C.B. and Bizindavi walked around to the back of the car to unload goods. Another neighbor witnessed Pascale drive a minivan down the street, run into the back of Bizindavi's car, jump the curb, and hit a street sign. C.B. and Bizindavi were able to move out of the way. When officers arrived, Pascale claimed that it was an accident.[1]

On 24 September 2010, the jury convicted Pascale of one count of domestic assault and one count of assault. Pascale received a two year suspended sentence on the domestic assault conviction and two years of probation. He additionally received a two year suspended sentence on the assault conviction, and two years of probation. Aggrieved, Pascale now appeals.

### Standard of Review

The trial court has broad discretion to determine the admissibility of evidence, and we will not reverse the court's ruling absent an abuse of discretion. *State v. Mozee*, 112 S.W.3d 102, 105 (Mo.App. W.D.2003). The trial court abuses its discretion "when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary and unreasonable as to shock our sense of justice and indicate a lack of careful consideration." *State v. McGowan*, 184 S.W.3d 607, 610 (Mo.App. E.D.2006). We review the trial court's admission or exclusion of evidence for prejudice and not mere error, and will affirm the court's ruling unless it was so prejudicial that it deprived the defendant of a fair trial. *Mozee*, 112 S.W.3d at 105.

### Discussion

Pascale raises one point on appeal. He asserts that the trial court erred in admitting evidence that Pascale had physically abused his stepdaughter because it was inadmissible as an uncharged bad act. He cites to three instances where the trial court allowed testimony on this issue.

At the outset, it is important to clarify the distinction between allowing testimony on Pascale's previous abuse of his wife, C.B., versus allowing testimony on the previous abuse of his stepdaughter, E.M. The trial court did not err in allowing testimony on Pascale's previous abuse of C.B. Evidence of uncharged crimes and bad acts may by admitted to show motive, intent, the absence of mistake or accident, common scheme or plan, or the identity of the person charged. *State v. Collins*, 669 S.W.2d 933 936 (Mo. banc 1984). Such evidence should be excluded where "the prejudicial effect outweighs the necessity for and probative value of the testimony." *Id.* Here, evidence of previous abuse C.B. by Pascale is admissible under the theory that it would show intent to commit the charged crime of assault upon C.B. There is nothing to suggest that this evidence is overly prejudicial, therefore the trial court did not abuse its discretion in allowing it.

Allowing evidence of Pascale's previous abuse of his stepdaughter, E.M., is more problematic. Because the State did not charge Pascale with assaulting E.M., this evidence requires careful scrutiny. Pascale complains of three instances where the evidence related to E.B.'s abuse was put before the jury.

The first time occurred during the State's direct examination of C.B. When the prosecutor asked C.B whether Pascale had ever hurt her, as part of her explanation she stated that "he beat me and he

1. To avoid repetition, additional facts are pro-        vided as needed in the discussion section.

beat my older daughter." Pascale did not properly preserve this issue for appellate review because he failed to make a contemporaneous objection at trial when C.B. offered the statement related to E.M. *See State v. Ballard*, 6 S.W.3d 210, 213 (Mo. App. S.D.1999). Therefore, we are unable to review this claim.

Notwithstanding the procedural default, Pascale is unable to demonstrate prejudice from this isolated statement. *Mozee*, 112 S.W.3d at 105. It was a spontaneous remark, that was neither sought by the prosecutor or referred to again. Given the other testimony about Pascale's threats to Bizindavi, and the eyewitness account of the assault, the outcome of the trial was not affected by C.B.'s brief remark.

■ The second instance occurred during testimony provided by C.B. and Bizindavi. During cross-examination of these witnesses, defense counsel's questions implied that E.M. had a problem with Pascale because Pascale had told E.M. to stay away from Bizindavi. The prosecution sought to dispel this implication by questioning C.B. on redirect as to whether she had seen Pascale abuse E.M. Defense counsel objected but the trial court overruled on grounds that defense counsel had opened the door to the prosecution's line of questioning when defense counsel raised the previous implication.

■ "On redirect examination, a witness may testify to any matter that tends to refute, weaken or remove unfavorable inferences in the testimony of cross-examination." *State v. Gardner*, 8 S.W.3d 66, 72 (Mo. banc 1999). Here, defense counsel's questions to C.B. and Bizindavi raised the inference that E.M. was biased against Pascale because he had tried to prevent E.M. from seeing Bizindavi. In doing so, the prosecution was then allowed to rebut the inference by showing Pascale had abused E.M. Because defense counsel opened the door to the prosecution's line of

questioning, there is no error in this instance.

■ The third and final instance occurred during the prosecution's direct examination of E.M. She was asked about an incident of abuse that occurred between Pascale and C.B. As previously established, the abuse of C.B. is relevant and admissible. E.M. testified that Pascale was "beating up" C.B., and that when E.M. tried to intervene, Pascale pushed E.M. down, beat her, and bit her. Defense counsel moved for a mistrial based partially on the admission of this evidence.

■ A trial court's ruling on the admissibility of evidence will be upheld if it is sustainable under any theory. *State v. McLaughlin*, 272 S.W.3d 506, 509 (Mo. App. E.D.2008). E.M.'s testimony concerning Pascale's abuse of E.M., which would ordinarily be inadmissible, appears to be inseparable from the admissible evidence about the abuse of C.B. It is well established that "when admissible evidence is inseparable from evidence which implicates defendant in another crime, the evidence is usually admissible in its entirety. Whether evidence is inseparable is left to the sound discretion of the trial court." *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App. E.D.1992). Because inseparability is a sustainable theory, the trial court did not abuse its discretion in allowing the testimony in this instance.

Based on the foregoing analysis, the trial court did not err in allowing evidence concerning Pascale's abuse of E.M. Therefore, the verdict and sentence of the trial court is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.