STATE of Missouri, Respondent,

v.

Geraldine CAMPBELL,
Defendant-Appellant.

No. 37137.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 21, 1976.

Motion for Rehearing and for Transfer to Supreme Court Denied Nov. 12, 1976.

asked during the voir dire and by the resubmission of the assignment of punishment to the jury after they initially returned a guilty verdict with an indeterminate sentence. We affirm the judgment.

No question is raised as to the sufficiency of the evidence to support the verdict—we, therefore, need not recount the events of the crime.

Appellant's first contention is that a question by the prosecutor to the jury panel during voir dire raised the improper inference that she had previously been convicted of crimes or would be paroled if convicted. The question asked was:

"Is there anyone here who knows any members of law enforcement agencies? By that I mean either police officers, City or County, or City marshals, federal agents such as the FBI, any members of the court, any judges or clerks in the courts, Board of Probation or Parole, or anything like . . . ."

We feel that the trial judge properly overruled the defense attorney's objection to the reference to the Board of Probation or Parole. The purpose of the voir dire examination is to ferret out biases and prejudices of potential jurors, which would prevent them from deciding on the basis of the evidence and the law, *State v. Turnbough,* 498 S.W.2d 567, 570 (Mo.1973). The trial judge has considerable discretion as to the conduct of the voir dire examination including the use of specific questions, *State v. Scott,* 515 S.W.2d 524, 527 (Mo.1974). No abuse of that discretion has been shown.

Appellant's second contention relates to the sentencing procedure. The case having been submitted to the jury in the afternoon, the jury returned that evening with a verdict of guilty of manslaughter with punishment stated as "imprisonment by the Department of Corrections for not less than two nor more than ten years." The trial judge then asked counsel their preference as to whether the court should set the punishment or whether the jury should be returned to deliberate further. The defense attorney stated his desire to

Cady & Godfrey, Dewey S. Godfrey, Jr., St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

McMILLIAN, Judge.

Defendant-Appellant, Geraldine Campbell, appeals from a jury conviction of manslaughter and a prison sentence of ten (10) years. She claims she was deprived of a fair trial because of a prejudicial question

have the jury set the punishment. Thirty minutes later, the jury returned with an assessment of ten (10) years imprisonment. On appeal, it is claimed that this constituted reversible error because by statute it is mandatory for the judge to assess punishment in situations "[w]here the jury agree upon a verdict of guilty but fail to agree upon the punishment to be inflicted or do not declare such punishment by their verdict . . . [or] where the jury finds a verdict of guilty and assesses a punishment not authorized by law . . . ." Rule 27.03, V.A.M.R., § 546.440, V.A.M.S.

In the present case, even if the action of the trial court was erroneous, *State v. Starks,* 459 S.W.2d 249, 253 (Mo.1970), cf. *State v. Wood,* 355 Mo. 1008, 199 S.W.2d 396, 398 (1947), it provides no basis for relief to the appellant because the action was expressly requested by appellant's attorney. Rule 26.06, V.A.M.R., provides that:

"A defendant in any criminal case shall have no just cause for complaint because: (1) error was committed during the trial at his instance or in his favor . . . ."

See, e. g., *State v. Adams,* 497 S.W.2d 147, 154 (Mo.1973); *State v. Clark,* 277 S.W.2d 593, 601 (Mo.1955); *State v. Watson,* 511 S.W.2d 890, 893 (Mo.App.1974). Appellant attempts to circumvent Rule 26.06, V.A.M.R., by labelling the punishment assessment procedure as plain error under Rule 27.20(c), V.A.M.R. We need not decide this interesting issue of the interrelationship of the two rules. Even if the plain error rule is applicable, to warrant relief under that rule the court must find that a manifest injustice has occurred. In the present case, however, the ten year sentence received by appellant was within the statutory limits, § 559.140, V.A.M.S. Either the judge or the jury could assess such punishment. Appellant, therefore, cannot demonstrate prejudice resulting from the fact that the jury assessed punishment.

Judgment affirmed.

WEIER, P. J., and RENDLEN, J., concur.