**STATE of Missouri, Plaintiff–Respondent,**

v.

**Ronnie SIMMS, Defendant–Appellant.**

No. 61910.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1993.

Elizabeth Haines, St. Louis, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jennifer A. Glancy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

On June 19, 1991, defendant, Ronnie Simms was convicted by a jury of burglary in the second degree, § 569.170, RSMo 1986, and possession of cocaine, § 195.202, RSMo Supp.1989. With regard to both convictions, the trial court found defendant to be a prior and persistent offender, § 558.-016, RSMo Supp.1989, and a class X offender, § 558.019, RSMo Supp.1989, and sentenced defendant to consecutive terms of fifteen years for the burglary and five years for the possession of cocaine. We modify and affirm the judgment.

Defendant raises four points on appeal: 1) defendant alleges the trial court plainly erred by finding him to be a class X offender under § 558.019 with regard to his conviction and five year sentence for the possession of cocaine, § 195.202; 2) defendant claims the trial court abused its discretion by admitting evidence of other crimes committed by defendant; 3) defendant avers the trial court erred by overruling his motion to dismiss, or in the alternative, to stay the proceedings because the grand and petit jury selection procedures failed to comply with the declared policy of § 494.400 to 494.505, RSMo Supp.1989; and 4) defen-

dant challenges the "reasonable doubt" instruction modeled on MAI–CR3d 302.04.

## I.  Sentence for Possession of Cocaine

■ Defendant alleges the trial court plainly erred by finding him to be a class X offender under § 558.019, RSMo Supp. 1989, with regard to his conviction and five year sentence for the possession of cocaine, § 195.202, RSMo Supp.1989, because § 558.019 applies only to certain class A, B, or dangerous felonies, and because the possession of cocaine under § 195.202 is not a class A, B, or dangerous felony.

Section 558.019 provides minimum prison terms for certain repeat offenders. Under that statute, the class X offender provision requires the offender to serve an eighty percent minimum prison term of his or her sentence. However, the minimum term provisions of § 558.019 apply only to certain class A, B, or dangerous felonies as stated and defined in the statute. *State v. Flenoid*, 838 S.W.2d 462, 466 (Mo.App.E.D. 1992). The possession of cocaine under § 195.202 is not a class A, B, or dangerous felony. *Id.* Therefore, the class X offender provision under § 558.019 does not apply to defendant's class C conviction and sentence for the possession of cocaine under § 195.202. The state in its brief concurs that the trial court erred and requests the judgment be modified.

■ Under Rule 30.23, we may finally dispose of a case unless justice otherwise requires. *Id.* Because the finding of defendant as a class X offender affects only the mandatory minimum time to be served and not the sentence imposed, *id.*, we may modify the judgment by removing the finding that defendant is a class X offender with regard to his conviction and sentence for the possession of cocaine. Our decision does not, however, modify the finding that defendant is a class X offender under § 558.019 with regard to his conviction and sentence for the dangerous felony of burglary in the second degree. We therefore order modification of the judgment in accordance with this opinion.

## II.  Other Crimes Evidence

Defendant alleges the trial court abused its discretion by overruling defendant's objections to 1) testimony concerning defendant's statement to police that he did not "want to go back to Gumbo"; 2) commentary during voir dire that the court would determine punishment; and 3) testimony by a police fingerprint expert that a fingerprint found at the scene of the crime was run through a police fingerprint computer. According to defendant, all three statements were inadmissible because they made reference to other crimes, which did not bear any relevance to the case and served only to prejudice the defendant. We disagree.

■ Questions respecting the relevance and admissibility of evidence are within the trial court's discretion and will not be overturned on appeal absent an abuse of discretion and a showing of prejudice. *State v. Burns*, 795 S.W.2d 527, 531 (Mo.App.W.D.1990); *State v. Henderson*, 826 S.W.2d 371, 374 (Mo.App.E.D.1992). Defendant bears the burden of showing that a statement constituted evidence of other crimes. *State v. McMillan*, 593 S.W.2d 629, 632 (Mo.App.S.D.1980); *State v. Leady*, 543 S.W.2d 788, 790 (Mo.App. E.D.1976).

■ Evidence of other crimes is generally inadmissible unless the evidence has a legitimate tendency to establish defendant's guilt of the immediate crime charged. *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982); *see also Henderson*, 826 S.W.2d at 374. A party may not offer evidence of other crimes merely to show bad character or a disposition to commit a crime. *Id.* at 371.

■ Many exceptions exist to the general prohibition of other crimes evidence. Generally speaking, evidence of other crimes is competent to prove the immediate crime charged when it tends to establish 1) motive; 2) intent; 3) the absence of mistake or accident; 4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other;

or 5) the identity of the person charged with the commission of the crime on trial. *State v. Sladek*, 835 S.W.2d 308, 311 (Mo. banc 1992). This list of exceptions is not all inclusive; acts, conduct, or declarations of an accused that tend to show a consciousness of guilt may also be admitted. *State v. Williams*, 600 S.W.2d 120, 122 (Mo.App.S.D.1980); *see also State v. Girardier*, 801 S.W.2d 793, 796 (Mo.App.E.D. 1991).

To determine the admissibility of other crimes evidence, the trial court tests for whether the evidence is logically relevant to the particular above-excepted purpose for which it is sought to be introduced. *Sladek*, 835 S.W.2d at 311. If the evidence is logically relevant, it must not be rejected merely because it incidentally proves the defendant guilty of another crime. *Id.* Moreover, evidence of other crimes should be admitted as an exception only when its probative value outweighs its prejudicial effect. *State v. Hamilton*, 817 S.W.2d 8, 11 (Mo.App.W.D.1991). The balancing of probative value against prejudicial effect lies within the sound discretion of the trial court. *Trimble*, 638 S.W.2d at 732.

### A. "Court Determines Punishment" Statement

During voir dire, the prosecutor made the following statement that the court would impose punishment:

> Now, assuming as you know that this is a criminal trial and that you come back with verdicts of guilty, it would be up to the Court to determine what sentence the Defendant would receive.

Defendant claims this statement constituted evidence of other crimes, and should have been excluded. Following defendant's objection to the statement at trial, the prosecutor explained that the comment's purpose was to ascertain whether any juror would be unable to judge the facts if the jury did not also have the authority to decide the punishment. There-

after, the trial court overruled defendant's objection.

We find that defendant failed to demonstrate that the prosecutor's statement constituted evidence of other crimes. Nothing in the record indicates that the statement exposed the jury to information adverse to defendant. No one revealed the reason why the judge, and not the jury, would be determining punishment, or that the reason had anything to do with other crimes.

The purpose of the voir dire examination is to ferret out biases and prejudices that would prevent potential jurors from deciding the case on the basis of the evidence and the law. *State v. Campbell*, 543 S.W.2d 518, 519 (Mo.App.E.D.1976). As to specific statements during the voir dire examination the trial court has considerable discretion. *Id.* We find that the statement did not infer any previous criminal activity of the defendant nor that said statement was prejudicial. Therefore, the trial court did not abuse its discretion in overruling defendant's objection to the statement.

### B. "Gumbo" Statement

After defendant orally admitted to the commission of numerous burglaries, police officers asked defendant whether he wanted to admit to the burglaries in writing. Defendant responded with the following statement: "I'll tell you, but I'm not going to write it down because I'm not going back to Gumbo." [1] Defendant claims that the Gumbo statement should have been excluded because it constituted evidence of other crimes. Before trial, the court overruled defendant's motion in limine, which sought to prevent the prosecutor from introducing defendant's statement regarding Gumbo.

The prosecutor introduced the Gumbo statement to show defendant's consciousness of guilt. It illustrated defendant's understanding that his admissions were direct evidence against him, and that he had committed the crime charged at trial. The Gumbo statement had a legitimate tendency to establish defendant's guilt.

---

1. "Gumbo" is a minimum correctional institu-    tion located in St. Louis County.

At trial, defendant challenged the voluntariness and accuracy of his admissions by stressing that they were given orally, rather than in writing. The prosecutor riposted by using the Gumbo statement to represent the voluntariness of defendant's admission. The Gumbo statement indicated defendant's state of mind at the time of the admission, and explained why he did not give a written confession. Statements that are offered to rebut the charge of involuntariness of a confession, and that indicate the state of mind of the confessor are admissible. *State v. Blair,* 638 S.W.2d 739, 757 (Mo. banc 1982). Therefore, we find that the trial court did not abuse its discretion to the prejudice of defendant by overruling defendant's objection to the Gumbo statement.

## C. "Computer Run–Through" Statement

Defendant objects to a statement by a police fingerprint expert that one fingerprint from the scene of the burglary had been run through a police fingerprint computer, but that no matches were found. Defendant claims that the computer run-through statement improperly prompted the jury to infer that defendant had committed other crimes.

Defendant fails, however, to satisfy his burden of proving that the computer run-through testimony constituted evidence of other crimes. No evidence was presented to justify an inference that the police computer contained fingerprints only of convicted criminals, or that an average juror would believe this to be the case. Moreover, when the statement was introduced at trial, the jury already knew that the police had arrested and fingerprinted defendant for the immediate crime charged; therefore, the existence of defendant's fingerprints in the police computer data base would have had no logical connection to and would have not constituted any evidence of defendant's other crimes. Therefore, the trial court did not abuse its discretion to the prejudice of defendant by overruling defendants objection to the computer run-through statement.

We deny defendant's second point.

## III. Jury Selection Procedures

Defendant alleges the trial court erred by overruling his motion to dismiss, or in the alternative, to stay the proceedings because the grand and petit jury selection procedures substantially failed to comply with the declared policy of §§ 494.400 to 494.505, RSMo Supp.1989. Defendant claims the jury selection procedures violated his constitutional rights to due process, to equal protection, and to a fair and impartial trial. We disagree.

To show jury selection defects, defendant relies on a statistical study completed in October of 1990 by Kenneth F. Warren, Ph.D. The Board of Jury Commissioners responded to this study by issuing an administrative order, which has brought the jury selection procedures into compliance with statutory directives. We have repeatedly affirmed these reformed grand and petit jury selection procedures for the city of St. Louis. *State v. Wheeler,* 845 S.W.2d 678, 681 (Mo.App.E.D.1993); *see also State v. Landers,* 841 S.W.2d 791 (Mo.App.E.D.1992). Defendant presents no new evidence to show that the new procedures are inadequate; therefore, we deny defendant's third point.

## IV. "Reasonable Doubt" Instruction

Defendant challenges the "reasonable doubt" instruction modeled on MAI–CR3d 302.04. He claims that the portion of the instruction defining "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of defendant's guilt" lowers the state's burden of proof below that required by due process. We disagree.

The identical challenge that defendant puts forth has been consistently and repeatedly denied by the Missouri Supreme Court. *State v. Ervin,* 835 S.W.2d 905, 924 (Mo. banc 1992); *State v. Blankenship,* 830 S.W.2d 1, 13 (Mo. banc 1992); *State v. Griffin,* 848 S.W.2d 464, 468–469 (Mo. banc 1993); *State v. Antwine,* 743 S.W.2d 51, 62–63 (Mo. banc 1987), *cert. denied,* 486

U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). Point four is denied.

## V. Decision Summary

We modify the judgment of the trial court by removing the finding that defendant is a class X offender with regard only to his conviction and five-year sentence for the possession of cocaine, § 195.202, RSMo Supp.1989. As modified, the judgment of the trial court is affirmed.

MODIFIED and AFFIRMED.

SIMON, P.J., and STEPHAN, J., concur.